STEVEN A. SWIDLER, Respondent, v WORLD-WIDE VOLKS-
WAGEN CORP., Appellant, et al., Defendant.

Second Department, March 15, 1982

APPEARANCES OF COUNSEL

*William A. Prinsell* for appellant.

*Steiner & Unterman* (*Leonard Steiner* of counsel), for respondent.

OPINION OF THE COURT

NIEHOFF, J.

This is an appeal from an order of the Supreme Court, Westchester County, entered July 8, 1981, which denied the motion of the defendant World-Wide Volkswagen Corp. to vacate a default judgment in a negligence and strict products liability action. The denial was based upon a holding that "[l]oss of the file due to an insurance office failure does not constitute a reasonable excuse". For reasons set forth hereinafter we conclude that the default should be vacated.

On or about December 10, 1980, service of process was made upon defendant World-Wide Volkswagen Corp.

(World-Wide) by service of a copy of a summons with notice upon the Secretary of State. The notice stated that the object of the action was "to recover for defendant's negligence in design and/or manufacture of an automobile and for strict products liability." The relief sought was compensatory damages in the sum of $50,000. The notice concluded by stating that in the event of a failure to appear judgment would be taken by default "for the sum of $50,000 with interest from March 1, 1979 and the costs of this action." Thus, from the notice one would assume that the incident occurred on or about March 1, 1979, some 21 months prior to the time process was served.

On December 22, 1980, a corporate attorney for defendant World-Wide telephoned plaintiff's counsel to acknowledge receipt of the summons. The summons with notice was then forwarded to Fred S. James & Company, the insurance broker for World-Wide. The record does not satisfactorily disclose what happened to the summons thereafter. The broker either (1) did not forward it to Atlantic Insurance Companies, World-Wide's insurer, (2) forwarded it and it was not received by the carrier, or (3) forwarded it and it was received by the carrier, but was thereafter misplaced or lost by the carrier.

In any event, receiving no notice of appearance or communication from World-Wide after the telephone call of December 22, 1980 from World-Wide's counsel, plaintiff's counsel entered a default judgment on April 13, 1981 which directed an assessment of damages. Thereafter, said judgment came to the attention of the insured and the insurer. Through a telephone call between the insurer's counsel and the plaintiff's counsel it was learned that the claim involved alleged injuries to the plaintiff, an attorney, when he was caused to cut his finger on a hub cap as he was fixing a flat tire on March 1, 1979. Subsequently, on or about May 1, 1981, World-Wide, represented by an attorney furnished by the insurer, served a demand for a complaint (CPLR 3012, subd [b]), which was returned by plaintiff's counsel on May 8, 1981. Shortly thereafter, on June 4, 1981, plaintiff's counsel was served with an order to show cause to vacate and set aside the default judgment.

In *Barasch v Micucci* (49 NY2d 594), the Court of Appeals emphasized that it is incumbent upon a plaintiff seeking to avoid dismissal for failure to prosecute to (1) demonstrate that there was a reasonable excuse for the delay and (2) make a prima facie showing of legal merit. This court has held that the same criteria are applicable to a defendant who seeks to vacate a default judgment (*Bruno v Village of Port Chester,* 77 AD2d 580). The opinion in *Barasch* (*supra,* p 599) also emphasized the rule "that those excuses which may be roughly categorized under the heading of 'law office failures' cannot properly serve as a basis for defeating a motion to dismiss under CPLR 3012 (subd [b])".

The case presently before us does not involve a "saga of indifference" by World-Wide or its agents and, in our judgment, it does not fall within the ambit of the "law office failure" principle.

Upon receiving the summons, the defendant World-Wide, acting through its corporate attorney, promptly caused the summons to be forwarded to its insurance broker. Thus, World-Wide acted diligently on its own behalf and had every reason to believe that the broker would follow through by delivering the summons to the carrier, who would be called upon to give World-Wide legal representation in the suit. But, the record fails to establish that the carrier ever received the summons. It may never have been mailed to the insurer by the broker or it may have been mailed to the insurer and have gone astray in the mail. Of course, it is true that it may have come into the possession of the carrier and been mislaid or lost. But, we simply do not know what happened to the summons. The carrier has informed the court that it has searched for the summons which World-Wide's attorney sent to the insurance agent and which the broker's file indicates was transmitted to the carrier, but that it has been unable to find it, and that it does not possess knowledge as to whether or not the summons was ever received from the broker. In short, the carrier genuinely is unable to ascertain whether or not it ever received the summons. Accordingly, this court has no way of knowing whether the carrier ever learned of the

pendency of the action prior to the entry of the default judgment.

Are we to hold that where, as here, an insured defendant acts promptly to protect itself and there is no satisfactory proof in the record that its insurer ever received notice of the lawsuit, that the insurer's failure to interpose a notice of appearance and demand for complaint on behalf of the insured *ipso facto* precludes the innocent insured from vacating the obviously unintentional default? Reason and elementary fairness compel us to answer that question "no". The law is not a set of rigid rules totally divorced from all sense of fair play. Nor is the law incapable of forgiving or excusing any and all human error, particularly when that error is clearly unintentional on the part of the one seeking relief from the court and is plainly nonprejudicial to the adversary. Indeed, the policy of the law clearly favors the disposition of actions on the merits.

In those cases where a litigant's attorney has failed to act diligently on behalf of the party and the party has been denied the right to vacate the default caused by his attorney's inaction, a given fact was that the litigation attorney knew of the existence of the suit. The resulting default came about because the attorney failed to act out of gross carelessness, utter indifference, or an unjustified desire to delay. In those cases involving plaintiffs' defaults the attorney had instituted the action on behalf of his client. In those cases involving defendants' defaults the attorney had learned of the existence of the suit and had appeared for the defendant but had failed to interpose a timely answer. In such cases where the attorneys attempted to blame "law office failure" for the default, that excuse was treated as inadequate as a matter of law. In all of those cases, the client was rightfully charged with his agent's inexcusable neglect and was denied the opportunity for a trial on the merits. However, no case has, as yet, said that "law office failure" extends to a situation such as this where proof is lacking that the carrier, or agent, which had the responsibility for putting in the notice of appearance or answer on the part of the defendant ever knew of the existence of the suit. In our view, before a litigant, such as World-Wide,

which acted properly and diligently in the circumstances, should be charged with fault because of inaction by its attorney or insurer, the court ought to be satisfied that the attorney or insurer had knowledge of the suit and could have acted for the litigant. We are not so satisfied in the case at bar and, therefore, we hold that the default of World-Wide is excusable and that the default judgment should be vacated.

It should be noted that within less than a month after the default judgment was entered and World-Wide learned of the judgment, said defendant, represented by counsel supplied by the insurer, sought to obtain a complaint from the plaintiff and when the plaintiff rejected the demand, it promptly moved to vacate the default.

Furthermore, the plaintiff cannot show any prejudice in this case by the short delay by World-Wide's representative. The plaintiff, an attorney, waited more than 21 months before instituting the action by the service of a summons only and will not be legally prejudiced by having to prove his case on the merits.

We recognize that the record does not contain an affidavit showing that the defendant World-Wide has a meritorious defense. Be that as it may, no such affidavit need be placed before the court herein inasmuch as no complaint has been served by the plaintiff and the details of the plaintiff's claim against the said defendant have not been revealed to it.

For the foregoing reasons, we conclude that the motion to vacate the default judgment should have been granted. Consequently, we (1) reverse the order of Trial Term and (2) vacate the default judgment on condition that within 30 days after service of a copy of the order of this court, defendant World-Wide shall pay $250 costs. In the event such condition is not complied with the order appealed from will be affirmed, with $50 costs and disbursements. The condition which we impose should redress any inconvenience which the plaintiff may have suffered.

MANGANO, J. P., THOMPSON and BROWN, JJ., concur.

Order of the Supreme Court, Westchester County, entered July 8, 1981, reversed, without costs or disburse-

ments, and motion to vacate the default judgment granted, on condition that defendant World-Wide Volkswagen Corp., within 30 days after service upon it of a copy of the order to be made hereon, with notice of entry, pays plaintiff the sum of $250. In the event the condition is not complied with, then order affirmed, with $50 costs and disbursements.