■ Q.P.I. RESTAURANTS LTD., Respondent, v DESMOND SLEVIN et al., Appellants, et al., Defendant. — Order, Supreme Court, New York County (Sutton, J.), entered December 26, 1980 denying leave to reargue, etc., is unanimously reversed, on the law and the facts, defendants Slevin and Garbutt's (hereafter "defendants") motion for leave to renew is granted, and on such renewal, defendants' motion to vacate the default judgment entered January 23, 1980 against said defendants is granted, and said judgment is vacated, and defendants are directed to serve an answer to the complaint within 30 days after service of a copy of the order hereon; all on condition that within said 30 days, defendants shall pay to plaintiff, as additional costs, the sum of $2,000. In the event said condition is not complied with within said period, the order appealed from is affirmed. Costs and disbursements on this appeal are awarded to plaintiff. Appeal from order of Supreme Court, New York County (Sutton, J.), entered October 7, 1980 is dismissed, without costs, as academic in view of the foregoing determination. Appeal from order of Supreme Court, New York County (Maresca, J.), entered February 24, 1981 denying reargument, is dismissed, without costs, as nonappealable. Defendants have shown meritorious (though of course not conclusive) defenses to the action. This should entitle them to an opportunity to have a judicial determination on the merits. Defendants defaulted in answering. It appears quite clearly that they consulted an attorney who agreed to handle the matter and interpose answers. The attorney that the defendants engaged (by his own admission) completely and inexcusably failed to interpose an answer, assuring defendants that the matter was being taken care of. It was not until about a year and one half after default and some months after the default judgment was entered that defendants learned of the default judgment. Of course it has been frequently stated that law office failure is not an excuse for default. But where the default is not due to any failure on the client's part but only to the attorney's failure to perform his duty, and a meritorious defense is shown, we think that subjecting defendants to a default judgment without opportunity to present their defenses is too severe a sanction. Some sanction there must be however. There must be no temptation to ignore the obligation to answer because of confidence that the court will vacate a default judgment without imposing sanctions. Accordingly,

we condition the vacatur on defendants paying additional costs of $2,000, which is about 10% of the amount of the default judgment. We have in similar cases in the past usually imposed the sanction on the attorney personally. But in the present case the attorney who is responsible for the default is no longer the defendants' attorney, and we do not believe we have any jurisdiction to impose any costs on him. We do not pass on any remedy the clients may have against their former attorney. Although Special Term's order of December 26, 1980 refers to defendants' motion as one to reargue, that motion is more properly also one for renewal, and defendants so denominated it. On that motion, defendants made a factual showing of meritorious defenses, which had not been previously made. Concur — Sandler, J. P., Sullivan, Ross, Silverman and Lynch, JJ.