■ BERNARD HOHENBERG et al., Appellants, v 77 WEST 55TH STREET ASSOCI-ATES et al., Respondents. — Judgment, Supreme Court, New York County (Alexander, J.), entered October 6, 1981, unanimously reversed, on the law and in the exercise of discretion, and the matter remanded to Special Term, New York County, for immediate proceedings as hereinafter set forth, with costs to plaintiffs-appellants. Special Term was insufficiently informed of important circumstances involved in the nuisance complained of by plaintiffs, and it was therefore improvident for injunctive relief to be denied out of hand and plaintiffs relegated to damages for deprivation of quiet enjoyment of their apartment by incessant and disturbing noises caused by improper mounting of various pipes and pumps within the subject apartment building. It is the function of the court in these circumstances to determine the feasibility of · abatement of the nuisance, inclusive of the cost to the owners of the building, and then to balance these factors against the damage done to plaintiffs' right to quiet possession. Dependent upon these calculations, the court then must decide which way to rule to achieve the necessary balance of rights: by a direction to proceed to abate the nuisance with an award of appropriate damages *ab initio* and during the continued interval until abatement is achieved, or, should the balance point in the direction of nonfeasibility or an outrageous and inappropriate cost of abatement, as well as the inconvenience to other proprietary lessees, to award permanent compensatory damage to plaintiffs for being compelled to endure the nuisance. (See *Boomer v Atlantic Cement Co.*, 26 NY2d 219.) The meagre record before us provides no basis for the finding at Special Term of lack of intent: it reveals a callous disregard of plaintiffs' rights in that, the cause of the nuisance having been discovered, not a whit was done toward abatement. This continued refusal to lift a finger toward abatement sustains an inference of intent to continue it. The cause is therefore remanded for a hearing to develop a sufficient record to permit the court to arrive at an informed conclusion. Concur — Kupferman, J. P., Markewich, Bloom and Milonas, JJ.

■ LEONARD GRAY et al., Appellants, v B. R. TRUCKING Co., Respondent. — Order, Supreme Court, Bronx County (Cotton, J.), entered February 9, 1982, which granted defendant's motion to vacate its default in answering plaintiff's complaint and ordered the attorneys to pay $75 costs, unanimously modified, on the facts and in the exercise of discretion, to increase the costs payable by the attorneys to $750, and otherwise affirmed, with costs. In the event the above condition concerning the payment of costs by the attorneys is not complied with within 20 days after the entry of this court's order, the order appealed from is reversed, on the facts and in the exercise of discretion, and defendant's motion to vacate its default denied, with costs. On this record, we deem a more severe sanction to be in order. Concur — Ross, J. P., Carro, Asch and Silverman, JJ.