■ Du-Art Film Laboratories, Inc., Respondent, v Wharton International Films Inc. et al., Appellants. — Order, Supreme Court, Appellate

Term, First Department, dated December 11, 1981 affirming order of Civil Court, New York County (Katz, J.), entered May 14, 1981 denying motion to vacate default judgment, is reversed, on the law and the facts, and in the exercise of discretion, and the motion to vacate the default judgment is granted, without costs. On application to vacate a default, the defendant must show a reasonable excuse for the default and a meritorious defense. As to the latter, the record contains a sworn statement by the individual defendant with personal knowledge of the facts that the photographic material was faulty because black and white material was printed sepia, and color master material was printed with black frame lines across the material making it unusable. As to the excuse for the default, the individual defendant alleges that, "[b]eing without funds to hire an attorney," he prepared a written "response" to the complaint and went to the clerk's office to file it; that the clerk refused to accept the response because one of the defendants was a corporation which had to be represented by an attorney; that the individual defendant then went to Volunteer Lawyers for the Arts (VLA), an organization which provides free legal assistance to needy persons in artistic fields, and he was under the impression that they were going to take care of the matter; that several months later he called VLA to check on the status of the matter and was told that they had not yet retained an attorney. The matter was referred by the VLA to the present attorney for the defendant apparently in February, 1981, approximately four months after service of the summons. It appears that the answer then tendered was rejected by plaintiff. We think we may fairly extend some leniency to a *pro se* party whose default is due to his unfamiliarity with a technical requirement — that a corporate defendant retain a lawyer — in a case involving so small an amount that scarcely warrants the retention of a lawyer, and where it appears that the *pro se* party attempted in good faith to respond to the summons. (Cf. *Gray v Trucking Co.*, 90 AD2d 750; *Q.P.I. Rests. v Slevin*, 88 AD2d 844; *Swidler v World-Wide Volkswagen Corp.*, 85 AD2d 239; *Bouxsein v Bialo*, 35 AD2d 523; *Warbett v Polokoff*, 21 AD2d 771.) Concur — Sullivan, J. P., Bloom, Fein and Alexander, JJ.

Silverman, J., dissents in a memorandum as follows: I would affirm the order appealed from. (Indeed I think we should not have granted leave to appeal to this court.) This does not appear to me to be a case that justifies this court interfering with the discretion already exercised by two courts, the Civil Court and the Appellate Term. The Appellate Term said: "Wharton's unsuccessful attempts to answer the complaint pro se, and to obtain timely pro bono representation, are undocumented. The allegations fail to specify the date on which his answer was rejected by the clerk of the court and precisely when he applied to VLA for free legal assistance. From the service of the summons and complaint in September 1980, until he was contacted by his pro bono attorney in February 1981, we are given no account of his attempts to avoid default sufficient to establish excusable neglect." Appellant has attempted to remedy the defects by papers on his motions for leave to appeal to this court, in which he alleges that his attempt to file his answer took place on September 24, 1980, the last day to answer, and that he visited VLA on October 13, 1980; and he submits a copy of the proposed answer which he says he attempted to file on September 24, 1980, which includes copies of correspondence complaining of the work. But these are all papers which were not before the Civil Court or Appellate Term, and thus not properly part of the record before us. And there is still no valid explanation of the delay between October 13, 1980 and the middle of February, 1981, when defendants' attorney attempted to serve an answer. Some leniency to a *pro se* litigant, and some understanding of his problems, is right and just. But it should not be carried to a point where the

ordinary rules of law are completely disregarded, and indeed, the whole judicial process in relation to the particular case frustrated. The judgment with which we are here concerned is a judgment for $1,169.82, which includes costs, disbursements and interest to the date of the judgment, i.e., April 7, 1981. No doubt the requirement to pay this is a significant matter for the defendants. But they had an opportunity to defend in accordance with lawful procedures apparently explained to them by the clerk of the Civil Court. By our reversal of the discretionary acts of the Civil Court and the Appellate Term, we really close the doors of the courts to this plaintiff for the collection of this small claim. For plaintiff the expense of two appeals (without regard to future proceedings) must already exceed the amount involved.