■ PEGGY A. JUSTUS, Appellant, v DAVID JUSTUS et al., Defendants, and HERTZ CORPORATION, Respondent. — In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Dutchess County (Rosenblatt, J.), dated January 28, 1982, which granted defendant Hertz Corporation's motion to vacate the default judgment that had been entered against it. Order reversed, on the law, with $50 costs and disbursements, defendant Hertz Corporation's motion to vacate its default is denied, and the matter is remitted to the Supreme Court, Dutchess County, for the assessment of damages. Plaintiff commenced this action in January, 1981 to recover damages for injuries she incurred as a passenger in an automobile involved in an accident in Aruba on February 4, 1978. The automobile was rented from defendant De Palm Tours, N. V., in Aruba, by plaintiff's husband, defendant Franklyn Justus. De Palm Tours is a licensee or franchisee of Hertz Systems, Inc., a subsidiary of Hertz Corporation. The licensing agreement evidently provided that De Palm Tours would defend Hertz and indemnify it for any liability arising out of the agreement. In reliance thereon, Hertz' casualty manager forwarded the summons and complaint to De Palm Tours in Aruba. The affidavit of the managing director of De Palm Tours affirms that the agreement so provided, but that he misunderstood and did not instruct his New York attorneys to enter a defense on behalf of the Hertz Corporation. A Hertz representative from its casualty department contacted plaintiff's attor-

ney on January 28, 1981 and this same representative was in turn contacted by the office of plaintiff's attorney on January 30, 1981 with a request to provide a copy of the car rental agreement made and executed in Aruba. After the decision of the Supreme Court, Dutchess County (Jiudice, J.), dated May 19, 1981, which dismissed this action against defendant De Palm Tours, on the ground of *forum non conveniens,* plaintiff's counsel notified this same Hertz representative by telephone on June 2, 1981 of Hertz' failure to appear in this action, and the Hertz representative at that time advised plaintiff's counsel that he would take care of the matter. These allegations were not refuted by defendant Hertz. Nevertheless, no appearance was made nor was an answer submitted on behalf of Hertz. Therefore, in August, 1981, the plaintiff moved for a default judgment and for an assessment of damages. Again Hertz defaulted. In an order dated September 28, 1981, Special Term granted the motion and referred the matter to Trial Term for an assessment of damages. Finally, by order to show cause dated December 8, 1981, Hertz moved to vacate the default judgment. In a motion to vacate a default judgment pursuant to CPLR 5015 (subd [a], par 1) a movant is required to demonstrate both a valid excuse for a default and a meritorious defense to the underlying action (*Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Q.P.I. Rests. v Slevin,* 58 NY2d 769, revg 88 AD2d 844; *Bruno v Village of Port Chester,* 77 AD2d 580, app dsmd 51 NY2d 769). In light of the above circumstances, Special Term abused its discretion as a matter of law in granting Hertz' motion to vacate the order which granted plaintiff's motion for a default judgment and referred the matter to Trial Term for an assessment of damages. It was unreasonable for Hertz to rely upon De Palm Tours to provide counsel pursuant to the franchise agreement, without Hertz demonstrating any follow up, particularly after being advised by plaintiff's counsel on June 2, 1981 of Hertz' default. The default that arose in the present case was based upon the law office failure of Hertz or its representatives to investigate and to appear in this action after being informed of its default by plaintiff's attorney. Accordingly, Hertz has failed to demonstrate a valid excuse for its default. The facts in this case, therefore, are distinguishable from *Swidler v World-Wide Volkswagen Corp.* (85 AD2d 239) wherein the defendant acted promptly to protect itself upon receipt of a summons in a negligence action by forwarding the summons, through its corporate attorney, to its insurance broker, and there was no satisfactory proof in the record that the insurer ever received notice of the action. Mollen, P. J., Bracken and Rubin, JJ., concur.

Weinstein, J., dissents and votes to affirm the order, with the following memorandum: In my view the default involved in the present case is not fairly characterized as one resulting from "law office failure". The Hertz' licensee or franchisee did not become aware that it owed Hertz a defense in the instant action until after the default judgment had been entered, should not preclude Hertz from the opportunity to assert its defenses and to attempt to make a showing of legal merit. After the action had been commenced against Hertz by service upon the Secretary of State and the filing of an affidavit of service and a copy of the summons and complaint in the Dutchess County Clerk's office, plaintiff's counsel spoke with Charles Maulick, a representative of Hertz, and requested that the latter obtain a copy of the rental agreement executed by defendant Franklyn Justus. Maulick advised counsel that he had written to the Aruba office to ascertain whether or not a copy of the agreement could be obtained. As averred by the Home Office Casualty Manager of the Hertz Corporation, the complaint was sent, upon its receipt by Hertz, to De Palm Tours, N. V., the owner of the vehicle involved in the action. Hertz was therefore under the impression that in view of the licensing agreement

between itself and De Palm, the latter would defend and hold Hertz harmless for any liability arising out of the licensing agreement. On June 2, 1981 plaintiff's counsel again spoke with Hertz' representative, Charles Maulick, and advised him that Hertz was in default in answering. Maulick advised counsel that he would take care of the matter. Plaintiff's application for a default judgment and an assessment of damages was made by notice of motion dated August 31, 1981. The motion was granted by order dated September 28, 1981. The default of Hertz in answering the complaint was unintentional and is attributable to a misunderstanding between itself and De Palm, which misunderstanding was caused by the difficulty of communication between Aruba and New York. Up until October 6, 1981, after the entry of the default, Hertz was under the impression that its interests were being protected by its licensee. The majority considers it unreasonable for Hertz to have relied upon De Palm to assume its defense after having been informed by plaintiff's counsel on June 2, 1981 that an answer had not yet been served on its behalf. I am of the opinion, however, that inasmuch as Hertz had promptly caused the complaint to be forwarded to its licensee as the party responsible for its defense, this case does not involve a "saga of indifference" on the part of Hertz, nor does it fall within the ambit of the "law office failure" principle (*Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239, 241). While the record does not specifically document what, if anything, Hertz did to "take care" of the situation after having been informed that it was in default, the fact nevertheless remains that it promptly forwarded the complaint to De Palm. By virtue of the franchise agreement, De Palm's role was akin to that of an agent entrusted with the defense of its principal. Viewed in this perspective, it was entirely reasonable for Hertz to rely upon De Palm to provide counsel. That De Palm, which was neither a carrier nor an attorney who could file a notice of appearance or an answer, failed to timely recognize or acknowledge its obligation to obtain counsel to defend Hertz, is not the typical example of law office failure. Such failure should not, in my opinion, preclude Hertz from asserting a defense in the action. To relieve Hertz' default under these circumstances would be consistent with public policy as I view it. "The law is not a set of rigid rules totally divorced from all sense of fair play. Nor is the law incapable of forgiving or excusing any and all human error, particularly when that error is clearly unintentional on the part of the one seeking relief from the court and is plainly nonprejudicial to the adversary. Indeed, the policy of the law clearly favors the disposition of actions on the merits" (*Swidler v World-Wide Volkswagen Corp., supra,* p 242). Within less than a month after the default judgment was entered, Hertz promptly moved to vacate the default. Aside from mere delay, plaintiff has not shown any legal prejudice occasioned by her having to prove her case on the merits. Moreover, Hertz has demonstrated the existence of meritorious defenses such as *forum non conveniens,* the fact that it did not own the automobile involved in plaintiff's accident or exercise any control over it, and the fact that defendant Franklyn Justus permitted the vehicle to be operated by an unlicensed driver under the age of 21 in contravention of the rental contract. Accordingly, I vote to affirm the order granting the motion to vacate the default judgment entered against defendant Hertz.