■ Julius De Jesus, Appellant, v Hasan S. A. Asi, Respondent. (Action No. 1.) Hasan S. A. Asi, Respondent, v Julius De Jesus, Appellant. (Action No. 2.) — In two actions, one by Julius De Jesus against Hasan Sari Abu Asi (action No. 1) to recover damages for malicious prosecution and the other by Asi against De Jesus (action No. 2) to recover damages for assault, De Jesus appeals from (1) so much of an order of the Supreme Court, Kings County (Lodato, J.), dated March 15, 1983, as denied that branch of his motion which was to compel Asi to accept late service of De Jesus' answer in action No. 2, (2) an order of the same court (Held, J.), entered May 19, 1983, which granted Asi's motion for summary judgment in action No. 1, (3) a judgment of the same court (Vaccaro, J.) dated May 25, 1983, which was entered in favor of Asi in action No. 2 in the principal sum of $375,000 upon De Jesus' default, and (4) an order of the same court (Lodato, J.), dated October 3, 1983, which denied De Jesus' motion in action No. 2 to vacate the default judgment and to renew his motion to require Asi to accept late service of his answer.

Order dated October 3, 1983, reversed, without costs or disbursements, order dated March 15, 1983 and judgment dated May 25, 1983 vacated and motion to vacate the default judgment in action No. 2 and to require Asi to accept late service of De Jesus' answer in said action granted on condition that De Jesus' attorney pays Asi $3,000 within 30 days after service upon him of a copy of the order to be entered hereon, with notice of entry, whereupon the answer shall be deemed served.

Order entered May 19, 1983 reversed, without costs or disbursements, and motion for summary judgment in action No. 1 denied.

Appeal from the order dated March 15, 1983 dismissed, as academic, without costs or disbursements, in light of the determination of the appeal from the order dated October 3, 1983.

Appeal from the judgment dated May 25, 1983 dismissed, without costs or disbursements. No appeal lies from a default judgment and, in any event, if an appeal did lie it would be academic in light of the determination on the appeal from the order dated October 3, 1983.

In the event De Jesus' attorney does not comply with the condition set forth in connection with the appeal from the order

dated October 3, 1983, then all the orders and judgment are affirmed, with one bill of costs.

The record clearly establishes that De Jesus denied committing the alleged assault and that in the context of the two actions and the circumstances under which the default occurred, De Jesus' motion to compel Asi to accept late service of his answer and to vacate his default in action No. 2 should have been granted. Furthermore, since the grant of summary judgment to Asi in De Jesus' malicious prosecution action (action No. 1) was essentially predicated on that default, the order granting summary judgment to Asi therein should be reversed and the motion denied. The relief granted to De Jesus is conditioned on the payment by his attorney of $3,000 to Asi. We deem this to be an appropriate sanction under the circumstances. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.