■ FIRE ISLAND PINES, INC., Respondent, v COLONIAL DORMER CORP., Appellant. — In an action to recover damages allegedly resulting from a defective roofing job, defendant appeals from (1) an order of the Supreme Court, Nassau County (Burke, J.), dated November 30, 1983, which denied its motion to vacate a default judgment entered against it, and (2) so much of an order of the same court entered June 20, 1984, as, upon reargument and renewal, adhered to the original determination.

Appeal from the order dated November 30, 1983, dismissed as academic, without costs or disbursements. Said order was superseded by the order entered June 20, 1984, upon reargument and renewal.

Order entered June 20, 1984, reversed insofar as appealed from, without costs or disbursements, order dated November 30, 1983, vacated, motion to vacate the default judgment granted and defendant's proposed answer annexed to the December 31, 1983 affirmation of defense counsel, Jay Berliner, deemed served.

On November 30, 1982, plaintiff commenced this action to recover damages resulting from negligence and breach of warranty in connection with a roofing job, by personal service on defendant's president. The summons and complaint were immediately forwarded to defendant's insurance broker, who forwarded them to defendant's insurance carrier, while assuring defendant the carrier would retain counsel to defend the action. All subsequent papers in the action were similarly forwarded, with similar assurances passing from the broker to defendant. No answer was ever served on behalf of defendant. On October 6, 1983, plaintiff entered a default judgment against defendant, and defendant passed a copy of that judgment, with restraining notice, on to its broker, receiving assurances that defendant was covered for such loss. Not until October 25, 1983, did the carrier or broker indicate to defendant the existence of any question as to whether defendant's policy covered the loss in question; on that date, the broker forwarded to defendant a letter from the carrier disclaiming coverage for anything but "carpentry work". Defendant immediately retained its own counsel and moved within less than one week to vacate the default judgment. The motion was denied on the ground that neither a justifiable excuse nor a meritorious defense had been asserted. Renewal and reargument was granted but the original determination was adhered to.

Under the totality of the circumstances here presented, Special Term's refusal to vacate the default judgment entered against defendant was an improvident exercise of discretion. Where an insured defendant acts promptly to protect itself, the insurer's failure to interpose an answer during a period when it also fails to disclaim coverage should not preclude an innocent insured from vacating an obviously unintentional default (*Swidler v World-Wide Volkswagen Corp.*, 85 AD2d 239).

On this record, it cannot be said that defendant's reliance on its broker's assurances and its carrier's silence was not reasonable; therefore the default was excusable. In addition, the possibility of a meritorious defense based on a preexisting structural

defect was adequately demonstrated by affidavits submitted in support of renewal and reargument and there is no claim of prejudice. Gibbons, J. P., Bracken, O'Connor and Brown, JJ., concur.