■ LOVISA CONSTRUCTION COMPANY, INC., Appellant, v FACILITIES DEVELOPMENT CORPORATION, Respondent.—Harvey, J. Appeals (1) from an order and judgment of the Supreme Court (Conway, J.), entered November 2, 1987 in Albany County, which granted defendant's motion to dismiss the complaint for failure to enter judgment upon default, and (2) from an order of said court, entered April 12, 1988 in Albany County, which, *inter alia,* denied plaintiff's motion to vacate the default judgment.

This breach of contract action has been fraught with inattentiveness on the part of both parties. Plaintiff originally served a complaint upon defendant in October 1980 alleging three causes of action which defendant duly answered. In May 1981, plaintiff served a new complaint alleging an additional cause of action which defendant never answered. Nonetheless, in July 1981 defendant demanded answers to interrogatories and the parties corresponded at various times thereafter. Plaintiff did not serve the answers to the interrogatories until June 1987. At that time, defendant rejected the answers and moved to dismiss the complaint pursuant to CPLR 3215 (c) because of plaintiff's failure to move within one year for a default judgment upon defendant's failure to answer the May 1981 complaint. Plaintiff defaulted on this motion and Supreme Court dismissed the complaint. The court also denied plaintiff's motion to open the default judgment and these appeals ensued.

At the outset, we must mention that plaintiff's appeal from the order and judgment granting defendant's motion to dismiss is improper since no direct appeal lies from a default judgment (see, *Hull v Feinberg,* 113 AD2d 964; *De Jesus v Asi,* 108 AD2d 716). A party can, however, appeal the denial of a

motion to open or vacate that default *(see, Hull v Feinberg, supra)*. Parenthetically, we note that had plaintiff appeared on the motion it could have easily pointed out the merits of its arguments and perhaps avoided the dismissal of the complaint. However, in a CPLR 3215 (c) motion, it is the plaintiff's burden to demonstrate the merits of his cause of action and to proffer an excuse for his delay *(Woodward v City of New York,* 119 AD2d 749, 750). Here, since plaintiff defaulted on this motion, it failed in its burden and the dismissal of the complaint was proper. Accordingly, we will next consider Supreme Court's denial of plaintiff's motion to open or vacate the default.

The standard for opening a default judgment is well known. The party bringing the motion to vacate the default judgment is required to demonstrate both a valid excuse for the default and a meritorious defense to the underlying action *(Justus v Justus,* 92 AD2d 858, 859; *see,* CPLR 5015 [a] [1]). The same standards would apply on a default in a CPLR 3215 (c) motion. Plaintiff has demonstrated merit as to a major portion of its defense of the motion. Supreme Court did not reach this issue in denying plaintiff's motion to vacate due to its finding that plaintiff's excuse of law office failure due to confusion over newly retained counsel was insufficient. Without criticizing that court's determination, we choose instead to substitute our own discretion and find that plaintiff's excuse of law office confusion was sufficient. Although Supreme Court did note that there was no application for a substitution of counsel submitted by plaintiff to support its excuse, our review of the record reveals credible evidence that one set of attorneys was bowing out and another was coming into the lawsuit. Accordingly, we find that sufficient excuse for plaintiff's default was established *(see, County of Nassau v Cedric Constr. Corp.,* 100 AD2d 890, 891-892). Here, equity demands that the client should not be prejudiced because of the attorney's actions.

With plaintiff's default properly opened we can now examine the original motion to dismiss with all the papers before us that plaintiff would have submitted originally if it had not defaulted on the motion. In our view, the first three causes of action in the May 1981 complaint should not have been dismissed. Aside from the new fourth cause of action stated in that complaint, it repeated, word for word, the allegations set forth for the first three causes of action in the original complaint served in October 1980. Because issue had already been joined as to these causes of action when defendant originally answered, plaintiff contends that the new com-

plaint, although labeled a "verified amended complaint", was really a supplemental complaint since the only difference between the two was the new and independent fourth cause of action.

We agree with plaintiff's characterization. While "[a]n amendment seeks to make any change at all in a pleading" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:9, at 480), a supplemental pleading "may be considered as *in addition* to the original complaint" *(Pimsler v Angert,* 1 AD2d 783 [emphasis supplied]). Here, we find that the second pleading served by plaintiff was actually a supplemental complaint and the repetition of the allegations contained in the original complaint was merely the result of poor draftsmanship and "the erroneous designation of said pleading as an amended complaint" *(Stella v Stella,* 92 AD2d 589, 590). Consequently, since the first three causes of action in the complaint were already answered, plaintiff can hardly be faulted for not moving for a default judgment as to them. These facts were sufficient to defeat defendant's CPLR 3215 (c) motion as to the first three causes of action.

The fourth cause of action, however, must be dismissed. "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]). Plaintiff has not produced sufficient evidence to show that the fourth cause of action should not be dismissed. More than six years elapsed from the time when the answer should have been served until defendant made its motion. In fact, it appears that plaintiff left the litigation unattended during most of that time.

Order entered April 12, 1988 reversed, as a matter of discretion in the interest of justice, without costs, and plaintiff's motion to vacate the default judgment granted.

Order and judgment entered November 2, 1987 modified, on the facts, without costs, by reversing so much as granted defendant's motion to dismiss the first three causes of action in the complaint; motion denied to that extent; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.