■ JOHN D. ROCKEFELLER, Respondent, v MARION E. JECKEL, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Dier, J.), entered November 21, 1989 in Warren County, which, *inter alia,* denied defendant's motion to vacate a default judgment entered against her.

Plaintiff commenced this action seeking to enforce payment of a renegotiated promissory note. The parties originally executed a promissory note in February 1985. This note was for $60,000 and set the rate of interest at 12% per annum. Defendant defaulted in making payments on the note and she thereafter renegotiated the debt with plaintiff. Accordingly, in March 1987 a new promissory note in the amount of $58,000 was executed by the parties. This note provided that defendant was to make interest only payments to plaintiff in the amount of $1,160 per month for a period of 24 months until March 7, 1989 when the entire sum of $58,000 would become due and payable. Thereafter, defendant apparently made the majority of the interest payments required by the note until March 1989 when the principal balance became due and defendant could not repay it. Defendant subsequently defaulted on the renegotiated note.

Following service of the summons and complaint defendant answered as to another cause of action not related to this appeal, but she deliberately failed to answer plaintiff's cause of action seeking judgment for nonpayment of a promissory note according to its terms. This was apparently because defendant did not dispute the facts alleged in the cause of action and the parties were attempting to come up with some sort of acceptable repayment schedule. When these negotiations fell through, plaintiff entered a default judgment on that cause of action for the principal balance of the note, past-due interest and $5,000 in counsel fees. The origin of the claim for counsel fees was apparently a clause in the renegotiated promissory note allowing for "reasonable attorney's fees" if legal action was necessary. Defendant then sought to open the default judgment on the grounds that (1) she had a meritorious defense of usury to that cause of action, and (2) the judgment entered by the clerk was faulty since it was not for a "sum certain" due to the inclusion of the apparently arbi-

trary amount of $5,000 claimed by plaintiff as reasonable counsel fees and, therefore, the clerk was without authority to enter the judgment *(see,* CPLR 3215 [a]). Supreme Court denied this motion and this appeal by defendant followed.

Supreme Court's order must be reversed. The law favors the resolution of cases on the merits *(see, Tiger v Town of Bolton,* 150 AD2d 889). Generally, the party bringing the motion to vacate the default judgment is required to demonstrate both a valid excuse for the default and a meritorious defense to the underlying action *(Justus v Justus,* 92 AD2d 858, 859; *see,* CPLR 5015 [a] [1]). As will be discussed, it is our view that defendant has demonstrated a meritorious defense of usury on this motion. Although Supreme Court found insufficient excuse for defendant's default, we find that there is a sufficient basis to warrant vacating the default, both under CPLR 5015 (a) (3) and pursuant to this court's inherent authority to do so in the interest of justice *(see, Lovisa Constr. Co. v Facilities Dev. Corp.,* 148 AD2d 913, 914; *National Travis v Gialousakis,* 120 Misc 2d 676, 680, *affd* 99 AD2d 800). Not only was the default judgment irregular on its face, defendant's usury claim itself implicates sufficient public policy considerations to justify the vacatur of the default in the interest of justice *(see, National Travis v Gialousakis, supra,* at 680-681).

As, for the merits, plaintiff does not seriously dispute that the renegotiated note executed by the parties in March 1987 improperly imposed a 24% interest rate in violation of General Obligations Law § 5-501 (2) *(see,* Banking Law § 14-a). If true, the renegotiated note would be void. While this fact would not relieve defendant of her obligations under the original promissory note executed pursuant to a legitimate rate of interest *(see, Eikenberry v Adirondack Spring Water Co.,* 65 NY2d 125, 129), any payments defendant made on the unenforceable agreement would have to be "applied in reduction of the principal debt or against the lawful interest reflected in the original bond" *(Dichter v Viking Off. Prods.,* 119 AD2d 794, 795).

Accordingly, we hold that the default judgment should be vacated and plaintiff is ordered to accept defendant's amended answer asserting the defense of usury.* By the same token, we permit plaintiff to amend his complaint to include a cause of action upon the original February 1985 promissory note *(cf.,*

---

* Assuming plaintiff amends his complaint, defendant should also be allowed to amend her answer to include any defenses to this action such as partial payment.

*Dichter v Viking Off. Prods., supra).* As for the parties' remaining arguments, while we agree with defendant that the entry of judgment with respect to "reasonable attorney's fees" was erroneous *(see, Woodward v Eighmie Moving & Stor.,* 151 AD2d 892), further discussion of the issue has been rendered unnecessary by our resolution of this appeal. Parenthetically, we note that the issue of counsel fees was only mentioned in the renegotiated note, not the original note. Therefore, the issue itself may now be in question.

Order reversed, on the law and the facts, without costs, motion granted and default judgment entered against defendant vacated. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.

