■ POUGHKEEPSIE SAVINGS BANK, FSB, Respondent, v

QUENTIN D. TYSON, Defendant, and BETTY J. FAIRLEY, Appellant.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsolos, J.), entered November 28, 1989 in Orange County, which denied defendant Betty J. Fairley's motion to open a default judgment entered against her.

Plaintiff commenced this action seeking to recover moneys owed it pursuant to a written promissory note for the purchase of a new automobile by defendant Quentin D. Tyson. The names of Tyson and defendant Betty J. Fairley (hereinafter defendant), a relative of Tyson, were listed on the note as cosigners. When both defendants failed to make payment pursuant to the contract, the loan was declared in default. After defendant was served with the complaint,* she called plaintiff's offices and told an employee that she had never cosigned for the car. She therefore claimed that her signature on the papers must have been forged by Tyson. Plaintiff's representative assured her that the matter would be looked into and defendant took no further action with respect to the complaint. Defendant also claims that she spoke to Tyson at that time and he assured her that everything would be taken care of. Thereafter, plaintiff entered a default judgment against defendant. Defendant then promptly hired an attorney who moved to open the default judgment. Supreme Court denied this motion and this appeal followed.

We reverse. In order to vacate a default judgment, the moving party is generally required to demonstrate a valid excuse for the default, absence of willfulness and a meritorious defense to the underlying action (see, Maiello v Chrysler Corp., 150 AD2d 849, appeal dismissed 74 NY2d 945). Although Supreme Court found defendant's representations with respect to this standard deficient, it is our view that there is a sufficient basis to warrant vacating the default, both under CPLR 5015 (a) (1) and pursuant to this court's inherent authority to do so in the interest of justice (see, Rockefeller v Jeckel, 161 AD2d 1090).

Regarding defendant's excuse for the delay, we note that she averred that she did not think she needed to retain an attorney because plaintiff's employee had indicated that the

---

* It is undisputed that Tyson was never served with a summons and complaint because he had previously given plaintiff an affidavit of confession and stipulation for repayment. When Tyson again defaulted, plaintiff filed the affidavit and confession of judgment in the County Clerk's office.

matter would be investigated. Although Supreme Court found this excuse insufficient, we do not find defendant's explanation unreasonable given the average layperson's unfamiliarity with the workings of a lawsuit. As to the underlying merit of defendant's defense of forgery, while it is true that defendant did not submit an affidavit from a handwriting expert, the handwriting samples that defendant did submit differ enough from the allegedly forged signature to raise some doubt as to the authenticity, even to an untrained eye. Given that the law favors resolution of controversies on the merits (see, Rockefeller v Jeckel, supra) and the fact that defendant's delay in moving to vacate the default was not a lengthy one, we find that defendant's motion should have been granted.

Order reversed, on the law and the facts, without costs, motion granted and default judgment entered against defendant Betty J. Fairley vacated. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.

