■ ANDREW PRICE, Appellant, v STUART B. POLISNER, Respondent.—Order, Supreme Court, New York County (Herman Cahn, J.), entered March 15, 1990, which granted defendant's motion to, *inter alia,* vacate his default to the extent of vacating the inquest order and permitting defendant to serve an answer, unanimously affirmed, with costs.

Defendant has met his burden of demonstrating both a reasonable excuse for the default and a meritorious defense to the action. The record demonstrates that defendant forwarded the summons and complaint to his insurance carrier promptly upon receipt. Although defendant's carrier initially denied coverage, it eventually determined to defend the action on defendant's behalf. At the time, the employee handling defen-

dant's action ceased to be employed by the carrier and the matter was "lost in the shuffle" by the insurance carrier. Neither defendant nor the carrier was notified that plaintiff was going to institute proceedings for the entry of a default judgment until the order after inquest was served, and upon receipt of same, both defendant and his insurance carrier took prompt action to seek relief.

The courts favor a determination of an action on the merits *(Lang v French & Co.,* 48 AD2d 641). In this case, where there was no willful default, and where the insured defendant has acted promptly to protect himself, "the insurer's failure to interpose an answer during a period when it also fails to disclaim coverage should not preclude an innocent insured from vacating an obviously unintentional default *(Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239)." *(Fire Is. Pines v Colonial Dormer Corp.,* 109 AD2d 815, 816.) We agree with the IAS Court that defendant's affidavit of merit was sufficient *(see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695).* Concur—Carro, J. P., Milonas, Wallach and Rubin, JJ.