■ Francisco Barajas et al., Respondents, v Toll Brothers, Inc., Also Known as Toll Bros., Inc., Appellant, et al., Defendants. [669 NYS2d 35] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about February 21, 1997, denying defendant's motion to vacate a default judgment and extend its time to answer, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to vacate granted and the defendant's time to answer the complaint extended to 20 days after entry of this order.

Plaintiff commenced this personal injury action by summons and complaint served on defendant on or about September 30, 1996. On or about October 2, 1996, defendant forwarded the summons and complaint to its carrier, General Accident Insurance. The carrier, though, failed to contact its attorney, with the consequence that defendant unknowingly remained unrepresented, the complaint was not answered and a default was entered on December 11, 1996. Plaintiff's own evidence indicates that the carrier's claims adjuster did contact plaintiff's counsel on or about October 7, 1996, within the 20 day answer period (CPLR 320 [a]), to request additional information and documentation concerning the injury and to request an extension of time to answer the complaint. Plaintiff's counsel's October 7, 1996 responsive letter declined the requests except to demand an answer within seven days, coupled with a warning that counsel would seek a default judgment. On or about November 6, 1996, the claims adjuster left two messages with counsel requesting information about the injuries and an extension of time to answer. In plaintiff's counsel's November 6, 1996 responsive letter, he again declined the requests and now indicated that he already had moved to enter a default judgment. The order was entered December 11, 1996 and the matter was set down for an inquest. When an attorney for defendant finally contacted plaintiff's counsel on January 3, 1997, requesting an extension of time to answer, plaintiff's counsel informed defense counsel of the entry of a default judgment. Thereafter, defense counsel contacted plaintiff's counsel seeking vacatur on consent on condition that defendant would answer with no jurisdictional defenses, to no avail. Defendant then moved for vacatur on or about February 5, 1997.

Although the excuse for delay in this case is not strictly speaking one of law office failure (see, CPLR 2005), insofar as the carrier failed to forward the summons and complaint to counsel, we analyze it in a similar fashion. There was no

evident pattern of neglect (*cf., Gannon v Johnson Scale Co.*, 189 AD2d 1052) or a demonstrable absence of any reasonable belief by the client that the matter was being diligently handled (*cf., Roussodimou v Zafiriadis*, 238 AD2d 568). Defendant itself acted quickly to forward the summons and complaint to the carrier, and, once counsel entered the case, counsel quickly sought to vacate the default, even offering plaintiff favorable terms upon which to do so and thus avoid motion practice to that end. Even the carrier, although neglectful in securing counsel for its insured, nevertheless did contact plaintiff's counsel on separate occasions to seek additional information about the injury and to seek an extension of time to answer. In view of the absence of an intentional default or dilatory conduct by defendant, the short time periods involved and the absence of demonstrated prejudice to plaintiff (*Kennedy v Cassmon Realty Co.*, 139 AD2d 629), the excuse for the delay was reasonable and warrants vacatur. Finally, in view of the lack of clarity in this Labor Law case concerning the relationship between defendant, which was the general contractor, and plaintiff, a laborer apparently employed by an independent subcontractor, defendant's relationship to the premises and the nature and causation of the accident, defendant set forth a sufficiently meritorious defense to warrant vacatur of the default judgment. Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.