■ EDISON PEREZ, Appellant, v LINSHAR REALTY CORP., Respondent, et al., Defendants. [686 NYS2d 463] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Garry, J.), dated February 11, 1998, which granted the motion of the defendant Linshar Realty Corp. for renewal and reargument of its prior motion to vacate its default in answering, and thereupon vacated the default.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the plaintiff's contentions, the Supreme Court properly granted the motion of the defendant Linshar Realty Corp. (hereinafter Linshar) for renewal and reargument of its prior motion to vacate its default in answering. Such motions "are addressed to the sound discretion of the [trial] court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision" (*Loland v City of New York,* 212 AD2d 674; *see also, Porowski v Mason,* 238 AD2d 559; *Rodney v New York Pyrotechnic Prods.*

*Co.,* 112 AD2d 410; *Delcrete Corp. v Kling,* 67 AD2d 1099). The Supreme Court overlooked the authority for finding that Linshar's default was excusable. Linshar timely delivered the summons and complaint to its insurance carrier and the carrier failed to disclaim coverage or answer. Under these circumstances Linshar reasonably relied on its insurer to interpose an answer and accordingly the default should have been vacated (*see, Fire Is. Pines v Colonial Dormer Corp.,* 109 AD2d 815; *Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239).

In light of our finding that Linshar's default was excusable, there is no need to address the plaintiff's remaining argument. S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.