■ JOHN B. SACCO, Respondent, v MIGE RESTAURANT CORP., Doing Business as ENIGMA NIGHT CLUB, Appellant. [707 NYS2d 847] —In action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Rappaport, J.), dated June 10, 1999, denying its motion to vacate an order of the same court, dated February 2, 1999, which, upon the defendant's default, granted the plaintiff's motion to strike its answer and set the matter down for an inquest, and (2) a judgment of the same court entered October 22, 1999, which, after an inquest, is in favor of the plaintiff and against it in the principal sum of $206,095.

Ordered that the appeal from the order dated June 10, 1999, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court providently exercised its discretion in refusing to vacate the order dated February 2, 1999, which struck the defendant's answer pursuant to CPLR 3126 (3), since the defendant failed to demonstrate either a valid excuse for its default or a meritorious defense to the action (*see,* CPLR 5015 [a]; *MRI Enters. v Amanat,* 263 AD2d 530; *Lovisa Constr. Co. v Facilities Dev. Corp.,* 148 AD2d 913; *see also, Wynne v Wagner,* 262 AD2d 556; *Gannon v Johnson Scale Co.,* 189 AD2d 1052). Bracken, J. P., Ritter, Santucci and S. Miller, JJ., concur.