■ REINA GUZMAN, Appellant, v NEW YORK HOLDING COMPANY ASSOCIATES et al., Respondents. [740 NYS2d 884] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about April 3, 2001, which, inter alia, granted defendants' motion to vacate a default judgment entered against them after an inquest, unanimously affirmed, without costs.

Defendants' motion to vacate defendant New York Holding Company Associates's (NYHCA's) default and the ensuing judgment against both defendants was properly granted. Defendants demonstrated a reasonable excuse for NYHCA's failure to appear in this matter through the affidavits of certain em-

ployees of the Insurance Department Liquidation Bureau involved in handling complaints originally directed to NYHCA's insurer, since placed in liquidation by court order. The detailed affidavits confirm that the case was lost in the Liquidation Bureau's system, a reasonable excuse even if not technically falling within the ambit of law office failure (see, e.g., Barajas v Toll Bros., 247 AD2d 242). We note that defendant Metro Management was never found in default and that there was evidently no basis for the default judgment against it. With respect to the merits of defendants' defense, the affidavit of the superintendent of the building where plaintiff resided, and where the accident occurred, sufficiently demonstrate a meritorious defense premised upon lack of actual or constructive notice of the hazard alleged by plaintiff. Concur—Tom, J.P., Mazzarelli, Buckley, Lerner and Gonzalez, JJ.