Golia, J.,
dissents and votes to reverse the order, deny plaintiff’s motion to enter a default judgment and grant defendants-appellants’ cross motion for an extension of time to answer in the following memorandum:
Defendants Elsayed and Alexandria (appellants) have made a sufficient showing of excuse and a meritorious defense. Where, as here, an insured has acted promptly in turning over the summons and complaint to the insurance carrier, the latter’s failure *15 to timely interpose an answer or to disclaim coverage “should not preclude an innocent insured from vacating an obviously unintentional default” (Fire Is. Pines v Colonial Dormer Corp., 109 AD2d 815, 816 [1985]; see also Seccombe v Serafina Rest. Corp., 2 AD3d 516 [2003]; Swidler v World-Wide Volkswagen Corp., 85 AD2d 239, 242 [1982]). This is not a case in which a defendant merely forwarded papers to a carrier that had no prior knowledge of the matter at issue and then relied upon the carrier to inform itself. The carrier herein, defendant First Financial Insurance Company, had previously participated in a settlement on behalf of plaintiff GAB Associates as an additional insured on the Elsayed/Alexandria Tile Company policy in an underlying personal injury action, and thus was presumably aware of the coverage issues raised in this action. Under such circumstances, it was reasonable for the appellants to rely upon First Financial to undertake their defense herein, especially since First Financial was an actual defendant in the underlying case, and thus their default is excusable (Perez v Linshar Realty Corp., 259 AD2d 532 [1999]).
The appellants have also raised a meritorious defense. They contend that although the insurance policy documents are not presently available to them, they contracted with codefendant First Financial to provide indemnification and a defense to the present plaintiff, CAB Associates, in the circumstances that were apparently involved in the underlying personal injury action. Notably, plaintiff itself makes this claim in its complaint, and, as noted, First Financial contributed to the settlement in the underlying personal injury action on CAB’s behalf, indicating its own belief that plaintiffs cause of action in that matter fell within the coverage provisions of its policy. It has been repeatedly held that liability insurance carriers owe their insureds (a category that includes the present plaintiff as an admitted additional insured) a contractually based duty to defend, which is broader than the duty to indemnify actually fulfilled by First Financial in the underlying personal injury action (see e.g. Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 66 [1991]; Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 423-424 [1985]; Goldberg v Lumber Mut. Cas. Ins. Co. of N.Y., 297 NY 148 [1948]). No reason has arisen in the present litigation to believe that the duty to defend did not attach in the underlying personal injury action, and First Financial’s own contribution to the settlement in that action militates against such a finding. First Financial’s refusal to pay CAB Associates’ defense costs in the underlying personal *16 injury action may constitute a breach of its duty to defend, for which the appellants seek to interpose a cross claim in this action. I note in passing that the First Department has analogized “carrier failure” resulting in default to law office failure (CPLR 2005), which may operate to excuse a default if no willfulness or pattern of neglect is evident (see e.g. Barajas v Toll Bros., 247 AD2d 242 [1998]). The Fourth Department has cited Barajas favorably (see e.g. Hayes v Maher & Son, 303 AD2d 1018 [2003]).
For the foregoing reasons, I would find that the court below abused its discretion in granting plaintiffs motion for a default judgment and in denying appellants’ cross motion for an extension of time to answer (Fire Is. Pines, 109 AD2d at 816; see also Swidler, 85 AD2d at 242).
Pesce, P.J., and Patterson, J. concur; Golia, J., dissents in a separate memorandum.