Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered June 6, 2007, which granted defendant’s motion to vacate a default judgment, unanimously affirmed, without costs.
Defendant established the requisite lack of actual notice of the summons in time to defend and meritorious defense to the action (CPLR 317; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]; Arabesque Recs. LLC v Capacity LLC, 45 AD3d 404 [2007]). Although there was evidence that the summons and complaint were served on the Secretary of State, defendant demonstrated by affidavits in support of its motion that it did not receive notice of the action until its former managing agent was personally served with plaintiffs motion for a default judgment. Further, the prompt action defendant took after receiving notice of plaintiffs motion suggests that it lacked actual notice of the summons and complaint. Defendant made a prima facie showing of a meritorious defense by submitting evidence that it had no notice of any alleged defective condition and that plaintiff admitted she was intoxicated at the time she fell (see Batra v Office Furniture Serv., 275 AD2d 229, 231 [2000]; Smith v Costco Wholesale Corp., 50 AD3d 499, 500 [2008]).
With respect to defendant’s failure to oppose plaintiffs motion, its insurance carrier’s failure to act timely does not preclude defendant from vacating an unintentional default (see Price v Polisner, 172 AD2d 422 [1991]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Tom, J.P., Andrias, Friedman, Catterson and Acosta, JJ.