■ HSBC Bank USA, National Association, Respondent, v Community Parking Inc., Defendant, and Elida Pena, Appellant. [961 NYS2d 440]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 19, 2012, which granted plaintiff's motion for summary judgment in lieu of complaint against defendants Community Parking Inc. and Elida Pena and directed entry of judgment in the principal amount of $95,000, plus interest from August 24, 2011, unanimously modified, on the law, the motion denied as to defendant Pena, the matter remanded for further proceedings, and otherwise affirmed, without costs.

In support of its motion for summary judgment in lieu of complaint, plaintiff submitted a business credit application containing a personal guaranty, apparently signed by defendant Pena on behalf of the corporate defendant and on her own behalf as guarantor. In opposition, defendant Pena submitted an affidavit denying that she had signed the credit application on behalf of defendant Community Parking, her husband's company, or on her own behalf, and submitted examples of her signature on her New Jersey state identification card, Social Security card, and checks. There are a few differences between the signature on the credit application and those on the exemplars provided by Pena that are sufficiently significant, even to an untrained eye, to raise a triable issue of fact as to the authenticity of the signature on the credit application (*see TD Bank, N.A. v Piccolo Mondo 21st Century, Inc.*, 98 AD3d 499, 500-501 [2d Dept 2012]; *Poughkeepsie Sav. Bank v Tyson*, 170 AD2d 818, 820 [3d Dept 1991]). An expert's opinion was not required to establish a triable issue of fact regarding the forgery allegation (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383-

384 [2004]; *see also Diplacidi v Gruder*, 135 AD2d 395 [1st Dept 1987]). Notably, the signature on the credit application was not witnessed or notarized, so that no presumption of authenticity arises from the signature itself (*TD Bank* at 500-501; *compare Seaboard Sur. Co. v Earthline Corp.*, 262 AD2d 253 [1st Dept 1999]). Nor did plaintiff provide any evidence concerning the circumstances surrounding the execution of the application, or establish that defendant Pena engaged in any prelitigation conduct that was so inconsistent with her claim of forgery as to establish its entitlement to summary judgment as a matter of law. Concur—Friedman, J.P., Moskowitz, DeGrasse, Richter and Gische, JJ.