Rekhtman v Clarendon Holding Co., Inc. (2018 NY Slip Op 06778)





Rekhtman v Clarendon Holding Co., Inc.


2018 NY Slip Op 06778


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-02888
 (Index No. 505328/16)

[*1]Naum Rekhtman, appellant, 
v
Clarendon Holding Co., Inc., etc., respondent.


William Pager, Brooklyn, NY, for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Daniel J. Morse, Patrick J. Lawless, and I. Elie Herman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated February 16, 2016. The order, insofar as appealed from, granted those branches of the defendant's motion which were to vacate its default in appearing and answering the complaint, and, in effect, for leave to serve a late answer and to compel the plaintiff to accept service of that answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a bus driver, allegedly was injured when he slipped and fell on ice while inspecting his bus in the yard where the buses are parked. He commenced this action against the defendant, which owns the premises. It is undisputed that the defendant was served with the summons and complaint on April 14, 2016, but that it failed to timely appear or answer the complaint. In an order dated December 19, 2016, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment and, inter alia, scheduled an inquest and assessment of damages for February 2, 2017.
On or about January 31, 2017, the defendant moved, inter alia, to vacate its default in appearing and answering the complaint, and, in effect, for leave to serve a late answer and to compel the plaintiff to accept service of that answer. In support of its motion, the defendant submitted, among other things, the affidavit of an office manager responsible for "receiv[ing] lawsuits" against the defendant. The office manager averred that upon receiving the summons and complaint, the defendant forwarded them to Paramount Insurance Company (hereinafter Paramount), which was the insurance company that had handled the plaintiff's claim for Workers' Compensation benefits arising from the same incident. The officer manager further stated that Paramount did not disclaim coverage, and thus she mistakenly believed that it was defending the defendant in the instant action. She averred that it was not until she received a copy of the order granting the plaintiff's motion for a default judgment that she became aware of Paramount's nondefense of the action, and that the summons and complaint should have been sent to a different insurer. The defendant also submitted the affidavit of a general manager familiar with the defendant's business operations and the specific operations of the yard at issue. He averred that the defendant had not received notice of any icy condition on the premises, and that the defendant leased the premises to another and was not responsible for maintenance of the property under the terms of the lease. In an order dated February 16, 2016, the Supreme Court granted the defendant's motion, inter alia, to vacate the December 19, 2016, order. The plaintiff appeals, arguing that the court erred in finding [*2]that the defendant established a reasonable excuse for the default and a potentially meritorious defense to the action.
In moving pursuant to CPLR 5015(a)(1) to vacate its default, the defendant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015[a][1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Gray v B.R. Trucking Co., 59 NY2d 649, 650). The determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court (see Young Su Hwangbo v Nastro, 153 AD3d 963, 965; Gershman v Ahmad, 131 AD3d 1104, 1105; White v Incorporated Vil. of Hempstead, 41 AD3d 709, 710). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see Young Su Hwangbo v Nastro, 153 AD3d at 965; Fried v Jacob Holding, Inc., 110 AD3d 56, 60). "This Court has held that, in an appropriate case, a court may take into account insurance-company delay in determining whether there is a reasonable excuse" (Fried v Jacob Holding, Inc., 110 AD3d at 60; see Harcztark v Drive Variety, Inc., 21 AD3d at 876-877).
Contrary to the plaintiff's contention, under the circumstances of this case, including the lack of willfulness or prejudice to the plaintiff, and the strong public policy in favor of deciding matters on their merits, the Supreme Court did not improvidently exercise its discretion in accepting the defendant's explanation as a reasonable excuse for its default (see Gage v Village of Catskill, 144 AD3d 1365; Fried v Jacob Holding, Inc., 110 AD3d at 61; Seccombe v Serafina Rest. Corp., 2 AD3d 516; Perez v Linshar Realty Corp., 259 AD2d 532; Fire Is. Pines v Colonial Dormer Corp., 109 AD2d 815; Swidler v World-Wide Volkswagen Corp., 85 AD2d 239). Furthermore, the court did not improvidently exercise its discretion in concluding that the defendant established a potentially meritorious defense to the action. Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court