Frank M. McCurdy Co., Inc., Appellant, *v.* George W. Wegner, Respondent.

Supreme Court, Appellate Term, Second Department, January 28, 1927.

Brokers — real estate broker — action to recover commissions under " multiple listing contract "— contract granted plaintiff exclusive right until " thirty days' notice in writing " was given to terminate — defendant claimed he mailed notice, though plaintiff denied receipt thereof — unless notice was delivered to plaintiff, contract was not terminated — refusal to charge that jury must find that plaintiff received termination notice before it could render verdict for defendant, error — presumption as to receipt of letter mailed is rebuttable.

In this action to recover commissions earned by plaintiff under a " multiple listing contract " giving plaintiff exclusive right to sell the property until " thirty days' notice in writing has been given to terminate same," it was error to refuse to charge the jury that it must find that the plaintiff received the notice of termination before a verdict could be rendered for the defendant, since, unless the notice was delivered through the mails, the contract was not terminated; in view of the fact that the contract was entered into by use of the mails, the defendant could have used the mails in giving notice of termination. In the event the mails were used, they became the agent for the defendant.

The presumption that when a letter is duly mailed it is received by the person to whom it is addressed is rebuttable.

Appeal by plaintiff from a judgment of the Municipal Court, Borough of Brooklyn, First District, in favor of the plaintiff.

The facts as stated in plaintiff's brief are as follows:

The action was brought to recover commissions earned by the plaintiff under a " multiple listing contract." The plaintiff alleged the making of the contract, that the property was sold within the term prescribed in the contract, and due performance on its part. Upon the trial all of these allegations were admitted, and it was stated that the plaintiff was entitled to recover the sum of $168.75, unless the court found that the contract was canceled pursuant to its terms, on February 11, 1925. The contract reads in part: " The undersigned grants you the sole and exclusive right for a period of three months, and thereafter until thirty days' notice in writing has been given to terminate same."

Therefore, the only question before the trial court was whether the defendant gave that notice in writing to terminate the contract. The defendant claimed that he mailed the notice to the plaintiff to that effect on February 11, 1925. The plaintiff's witness testified that the notice was not received.

*Walter Bruchhausen*, for the appellant.

*Harold H. Seaton*, for the respondent.

Per Curiam. Judgment unanimously reversed upon the law, and new trial granted, with thirty dollars costs to appellant to abide the event.

It was error for the court to refuse to charge that the jury must find that the plaintiff received the notice of termination before the jury could render a verdict for the defendant. It was also error to charge that the jury could find for the defendant, if they found the notice was sent. The contract here, according to the defendant's proof, was entered into by use of the mails. The defendant, therefore, could have used the mails in giving notice of the termination of the contract. But, if the defendant used the mails, the latter became the agent for the defendant, and unless the notice was delivered the contract was not terminated. (*Peabody* v. *Satterlee*, 166 N. Y. 174; *Crown Point Iron Co.* v. *Ætna Insurance Co.*, 127 id. 608; *Beakes* v. *DaCunha*, 126 id. 293; *Steinhardt* v. *Bingham*, 182 id. 326; *Herter* v. *Mullen*, 52 App. Div. 325.)

It was for the jury to say whether notice in fact was received. The presumption is that, when a letter is duly mailed, it is received by the person to whom it is addressed. That presumption is rebuttable, and it is for the jury to say, after considering the presumption and the proof given by the person addressed, whether a letter has been received.

Present — Cropsey, McCrate and Lewis, JJ.