■ THEODORE TETENBAUM, Plaintiff, v PAULETTE J. TETENBAUM, Appellant, and ROBERT M. BIRNBAUM, Respondent. — In a matrimonial action, the defendant wife appeals from an order of the Supreme Court, Westchester County (Dachenhausen, J.), dated June 16, 1981, which denied her motion to open her default in appearing at a hearing to determine the extent of the lien of her former attorney, and to vacate the award of the counsel fee thereafter made. Order reversed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. Shortly before entry of the judgment of divorce herein, the defendant wife discharged her attorney and obtained new counsel. The outgoing attorney refused to surrender the file unless his fee was paid or secured. The court directed that a hearing be held on December 22, 1980 to determine the extent of his lien, but for administrative reasons the hearing was subsequently advanced to December 17, 1980. On that date neither the defendant nor her new counsel appeared, and the hearing proceeded without them. The court fixed the amount of the former attorney's lien, and the defendant then moved to open her default on the grounds that her new counsel had not received notification of the changed date of the hearing and that she had a meritorious defense to the claim of the former attorney that any fee is due him from her. In these circumstances denial of the motion without a hearing constituted an improvident exercise of discretion. The

opposing papers reveal issues of fact as to whether the defendant's new counsel was notified of the changed date and as to the extent of the former attorney's lien. There should be a hearing on the issue of notification, and if the court should find that notice of the changed date was not given to the office of defendant's new counsel, the hearing should continue as to the amount of the former attorney's lien. If, however, the court should find that such notice was in fact given, the motion should be denied and the prior determination as to the extent of the lien should stand. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.