■ CHRISTINE VITA, Respondent, v MARTIN A. HELLER et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Dickinson, J.), dated August 13, 1981, as granted plaintiff's motion for reargument of a prior order of that same court (Daronco, J.), dated May 18, 1981, granting their motion to dismiss plaintiff's action for failure to timely serve a complaint, and upon reargument, denied said motion to dismiss and required them to accept service of the complaint. Order modified by deleting therefrom the provisions denying defendants' motion to dismiss plaintiff's action and directing defendants to accept plaintiff's complaint. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for a hearing and new determination in accordance herewith. Plaintiff commenced the instant action by service of a summons only on July 19, 1980. Thereafter, on August 19, 1980, defendants' attorneys allegedly served a notice of appearance and demand for the complaint. About 14 weeks later, on November 28, 1980, plaintiff attempted to serve the complaint but defendant rejected same as untimely and moved, pursuant to CPLR 3012 (subd [b]), to dismiss the action for failure to serve a timely complaint. In explanation of the untimely service, plaintiff's attorney claimed that the notice of appearance and demand for a complaint were never received. Although he originally conceded that it was possible that his office might have lost or misplaced the notice of appearance and demand, upon reargument, plaintiff's attorney submitted an affidavit from his secretary in which she described her usual practice of making notations on office files when pleadings or notices of motion are received and also noting in her diary the corresponding response dates. She alleged that there were no notations concerning the notice of appearance and demand for a complaint on either the case file or in the office diary, indicating, by implication, that the notice of appearance and demand were never received. As evidence that the notice and demand were in fact served, defendants produced an affidavit of service by mail attached to a copy of their notice and demand. Service of papers by mail is deemed complete upon deposit of such papers in the mail and such manner of service creates a presumption of proper mailing to the addressee (CPLR 2103, subd [b], par 2; *A & B Serv. Sta. v State of New York,* 50 AD2d 973, mot for lv to app den 39 NY2d 709). The burden then falls upon the addressee to present evidence sufficient to overcome the presumption and establish nonreceipt. In the case at bar, the affidavit of plaintiff's counsel's

secretary was sufficient to overcome the presumption and create a question of fact, the resolution of which requires a hearing (cf. *Engel v Lichterman,* 95 AD2d 536). Mangano and Brown, JJ., concur.

Gibbons, J., concurs in the result, with the following memorandum, in which Lazer, J. P., concurs: As described in the memorandum by two of my concurring colleagues, plaintiff attempted to serve a complaint on defendants more than three months after defendants allegedly served a notice of appearance and demand for the complaint. According to an affidavit of service contained in the record, the notice of appearance and demand for the complaint was served on August 19, 1980. To demonstrate an excuse for the late service of the complaint, plaintiff's attorney submitted affidavits from himself and his secretary indicating that the notice of appearance was never received. As a logical matter, an allegation that a letter was not received, if true, raises two possibilities: either the letter was not properly mailed, or it was lost in transit. However, in this case counsel for plaintiff has stated that he "accept[s] the statement set forth in [defendants' attorneys'] affidavit that his office served a Notice of Appearance and Demand * * * on behalf of the defendants, on or about August 19, 1980". He maintains, not surprisingly, that the letter containing the notice of appearance and demand must have been lost by the postal service. Since plaintiff is willing to concede that the notice of appearance and demand was mailed on August 19, 1980, we need not concern ourselves with the question of whether, in these circumstances, an affidavit of mailing is presumptive evidence of proper mailing (see dissenting opn of Gibbons, J., in *Engel v Lichterman,* 95 AD2d 536). The issue, rather, is whether a failure to timely respond to a notice of appearance and a demand for a complaint may be excused where there has been a mishap in transit, ostensibly caused by the postal service. If so, plaintiff is entitled to a hearing wherein she may attempt to prove that her tardiness was not due to a law office failure, but resulted from the document in question being lost in the mails (see *Tetenbaum v Tetenbaum,* 87 AD2d 628). As an evidentiary rule, it is presumed that a letter properly mailed was received by the addressee (*News Syndicate Co. v Gatti Paper Stock Corp.,* 256 NY 211). There may be circumstances in which a statute might support a conclusion that failure to timely respond to a document properly mailed should not be excused even if the document is never received, in effect, making the presumption of receipt irrebuttable (see, e.g., *Trusts & Guar. Co. v Barnhardt,* 270 NY 350, 353-354). However, in general the presumption of receipt can be rebutted (*Austin v Holland,* 69 NY 571, 576; *Matter of Cheesman v Cheesman,* 203 App Div 533, revd on other grounds 236 NY 47; *McCurdy Co. v Wegner,* 129 Misc 230; see, also, *Leland House v Wigfall,* 98 Misc 2d 355, affd 78 AD2d 783). There are two aspects to a presumption: the basic fact or premise, and the presumed fact or conclusion (Richardson, Evidence [Prince, 10th ed], § 55). Generally a presumption may be rebutted as to either aspect. Thus evidence may be presented which tends to rebut the presumed fact, or the basic fact itself might be contradicted so as to prevent the presumption from applying at all (see McCormick, Evidence [2d ed], § 345). In the instance of the presumption of receipt, rebuttal may be in the form of contesting the mailing or the delivery, and an allegation of nonreceipt will generally create a factual issue as to both (31A CJS, Evidence, § 136, subd e; see *Westwitt Realty Corp. v Burger,* 212 App Div 622; dissenting opn of Gibbons, J., in *Engel v Lichterman,* 95 AD2d 536, *supra*). In this particular case, since proper mailing is conceded, plaintiff's denial of receipt will only create an issue of fact as to delivery, requiring a hearing or trial (see *Youssoupoff v Widener,* 126 Misc 491, affd 219 App Div 712, affd 246 NY 174; *McCurdy Co. v Wegner, supra*). If it is found that a legal paper was mishandled in transit, then a party may be excused for failing to

respond, at least where the party is not otherwise aware of the paper's existence and contents. Thus, this court has vacated default judgments wherein the defendant failed to appear because the summons and/or complaint failed to reach its destination (*Swidler v World-Wide Volkswagen Corp.*, 85 AD2d 239; *Glass v Janbach Props.*, 73 AD2d 106). A plaintiff, facing possible dismissal of his or her action because a notice of appearance and a demand for the complaint was never received after being mailed, should be similarly protected. Accordingly, for the above reasons, I agree with my colleagues that the orders being appealed from should be reversed and the matter should be remitted for a hearing.