■ Sport-O-Rama Health & Fitness Center, Inc., Respondent, v Centennial Leasing Corp. et al., Appellants. — In an action, *inter alia,* to recover damages for breach of contract, defendants appeal from an order of the

Supreme Court, Rockland County (Kelly, J.), entered January 12, 1983, which denied their motion to vacate a default judgment which had been entered against them upon their failure to interpose a timely answer. ¶ Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for a hearing before a different Judge and a new determination in accordance herewith. The default judgment shall stand as security pending the determination at Special Term. ¶ Plaintiff commenced the instant action by service of a summons with notice but no complaint. The defendants thereafter appeared and demanded a complaint, whereupon the plaintiff's attorneys allegedly served a complaint, by mail, upon the defendants' attorney on or about June 3, 1982. When no answer was forthcoming, the plaintiff entered a default judgment against the defendants on August 30, 1982, which the latter then sought to vacate shortly after learning of its existence. ¶ In explanation of their failure to interpose a timely answer, defendants' attorney averred, *inter alia,* that he runs a small law office with only one associate and one secretary; that all of the mail comes across his desk; and that "[a]t no time did [he] receive a complaint in this matter, nor * * * any other communication requesting an answer or any other notice that the plaintiff's attorneys were going to take a default". However, as evidence that a complaint had, in fact, been served, the plaintiff produced an affidavit of service by mail. ¶ It is well established that the "[s]ervice of papers by mail is deemed complete upon deposit of such papers in the mail and [that] such manner of service creates a presumption of proper mailing to the addressee * * * The burden then falls upon the addressee to present evidence sufficient to overcome the presumption and establish nonreceipt" (*Vita v Heller,* 97 AD2d 464). In the case at bar, counsel's affidavit was legally sufficient to overcome the presumption, and since the nonreceipt of a pleading will adequately excuse the failure to timely respond thereto (at least where the party is not otherwise aware of the paper's existence and contents) (see *Vita v Heller, supra,* concurring mem of Gibbons, J.; *Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239), the defendants are entitled to a hearing at which it may be established that the instant complaint was, in fact, never received (see *Vita v Heller, supra*). ¶ *Engel v Lichterman* (95 AD2d 536) is distinguishable on its facts and does not compel a contrary result. ¶ Assuming, *arguendo,* that the defendants are ultimately successful in establishing a reasonable excuse for their failure to answer, the motion papers are otherwise sufficient to warrant the vacatur of the underlying default judgment (see *Sorgie v Dalton,* 90 AD2d 790, app dsmd 58 NY2d 968; *Fischer v Town of Clarkstown,* 86 AD2d 650; *Weiner Furniture Co. v Dolphin Equip. Leasing Corp.,* 67 AD2d 755; see, also, *Callahan Hydraulics v Mechanical Man Car Wash Mfg. Co.,* 43 AD2d 896; cf *Hilldun Corp. v Scarboro Textiles,* 73 AD2d 535). Gibbons, J. P., Bracken, Weinstein and Lawrence, JJ., concur.