■ MARIE SANTANGELO et al., Respondents, v ELLIOT RASKIN, Appellant.—In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Richmond County (Rader, J.H.O.), entered March 1, 1989, which denied his motion to dismiss the complaint on the ground of the plaintiffs' failure to timely to comply with an order of this court dated May 9, 1988.

Ordered that the order is affirmed, with costs.

By opinion and order of this court dated May 9, 1988, the plaintiffs were directed to produce a reasonable excuse for their failure to serve a certificate of merit pursuant to CPLR 3012-a, as well as a physician's affidavit attesting to the legal merit of their medical malpractice claim, within 45 days after service upon them of a copy of the order and opinion (see, Santangelo v Raskin, 137 AD2d 74). The plaintiffs failed to timely comply with this court's order. On November 30, 1988, a hearing was held to determine whether or not the plaintiffs' attorneys had received this court's order. At the hearing, an attorney and a secretary from the law firm retained by the plaintiffs, gave sworn testimony as to their office's practice regarding incoming mail—"indicating, by implication, that the [order was] never received" (Vita v Heller, 97 AD2d 464). The plaintiff's showing was sufficient to rebut the presumption of service created by the defendant's affidavit of service, so as to at least raise a question of fact to be decided by the finder-of-fact (see, Vita v Heller, supra). We conclude that the Judicial Hearing Officer's determinations that the "plaintiffs' lawyers never received that order", that the defendant was not prejudiced by the short delay, and that it was preferable that the lawsuit be decided on its merits, were not irrational, arbitrary or capricious. Accordingly, the court did not improvidently exercise its discretion in denying the defendant's motion to dismiss the complaint (cf., Swidler v World-Wide Volkswagen Corp., 85 AD2d 239). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.