■ In the Matter of E & M Associates et al., Appellants, v New York State Division of Housing and Community Renewal et al., Respondents. [631 NYS2d 747] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated August 28, 1992, which denied administrative review of an order of the District Rent Administrator dated February 28, 1991, finding, inter alia, a rent overcharge, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated March 21, 1994, as dismissed the proceeding.

Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs to the petitioners, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the petitioners actually received notice of the order of the District Rent Administrator dated February 28, 1991, and for further proceedings consistent herewith.

On February 28, 1991, the District Rent Administrator issued an order finding, inter alia, that the petitioners willfully overcharged rent to the respondent tenant Thomas Cumella. The petitioners brought a petition for administrative review of the order of the District Rent Administrator which was denied as untimely because it was filed more than 35 days after the issuance of the order. The petitioners commenced the instant proceeding asserting that they were entitled to review of the order of the District Rent Administrator because they had not received notice of it until judgment was entered against them on February 4, 1992, for $42,112.50. The Supreme Court dismissed the petition pursuant to CPLR article 78, without a hearing, finding that the New York State Division of Housing and Community Renewal established that the order of the District Rent Administrator had been mailed to the petitioners, giving rise to the presumption of receipt (cf., Nassau Ins. Co. v Murray, 46 NY2d 828).

The petitioners submitted sufficient evidence to establish an issue of fact as to whether they received notice of the order of the District Rent Administrator prior to February 1992 *(see, Vita v Heller,* 97 AD2d 464). Under the particular circumstances of this case, the Supreme Court erred in dismissing the petition pursuant to CPLR article 78 without a hearing on that issue *(see, Stone v Goldberg,* 215 AD2d 180; *Matter of Black Realty Co. v State Div. of Hous. & Community Renewal,* 201 AD2d 432; *Woodner Co. v Higgins,* 179 AD2d 444). Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.