■ In the Matter of PAMELA FUTTERMAN, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants. [695 NYS2d 310] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered May 22, 1998, which granted the motion of respondent-landlord to reargue a judgment of the same court and Justice, entered November 12, 1997, granting the petition to the extent of vacating the order of respondent New York State Division of Housing and Community Renewal (DHCR) deregulating tenant's apartment and remanding for a hearing on the merits, and upon reargument, adhered to the original judgment, unanimously modified, on the law, to the extent of remanding this matter to the Supreme Court for a hearing and further proceedings consistent with this decision, and otherwise affirmed, without costs.

This CPLR article 78 proceeding concerns sections 26-504.1 through 26-504.3 of the Administrative Code of the City of New York (Administrative Code). The Administrative Code, as in effect in 1995, provided for the deregulation of any housing unit with a lawful regulated rent of $2,000 or more per month, and whose tenants and occupants had a total annual income greater than $250,000 for each of the two preceding calendar years (*see, Matter of Elkin v Roldan*, 260 AD2d 197, *lv granted* 93 NY2d 811).

Petitioner is the tenant of a rent stabilized apartment at 135 Central Park West in Manhattan. In 1994, landlord, seeking to deregulate the apartment, served tenant with an Income Certification Form (ICF), to which tenant timely responded.

Landlord disputed tenant's claim made in the ICF that she

earned less than $250,000 in each of the preceding two years and petitioned the DHCR to verify tenant's income. The DHCR then requested tenant to verify her income and respond to landlord's petition. Tenant timely responded to the DHCR's request. Thereafter, the DHCR denied the petition, concluding that tenant's income was below the regulatory threshold.

Undeterred, landlord served tenant with another ICF for 1995. As she had done the previous year, tenant responded timely to this ICF. Landlord again disputed tenant's claims and petitioned the DHCR to verify the information provided by tenant in the ICF. The DHCR asserts that, as in 1994, it mailed to tenant a request for verification of income. Tenant did not respond to this request from the DHCR. It is this failure that generates this proceeding as it resulted in the DHCR issuing an order on April 5, 1996 deregulating tenant's apartment.

After receiving the order of deregulation, tenant timely filed a petition for administrative review alleging that she never received the DHCR's 1995 request for verification of income. She also attached copies of her income tax return showing that she earned less than one third of the regulatory threshold.

The Commissioner of the DHCR denied the petition for administrative review pointing to the evidence before him that showed that the request for income verification was properly mailed to tenant thereby establishing a presumption of delivery. The Commissioner found that tenant failed to rebut the presumption and failed to respond to the request for income verification. Thus, he concluded there was no issue of fact or law warranting reversal of the DHCR's deregulation order.

Tenant commenced this article 78 proceeding. Supreme Court reversed the Commissioner's order and remanded the matter to the DHCR for a hearing on the merits. The DHCR and landlord appeal. We modify Supreme Court's order because we conclude that a hearing is necessary to determine whether tenant ever received the DHCR's 1995 request for verification of income.

A tenant's failure to timely respond to a request for verification of income may result in an order of deregulation (*Pledge v New York State Div. of Hous. & Community Renewal*, 257 AD2d 391, *lv dismissed* 93 NY2d 888; *Matter of Bazbaz v State of N. Y. Div. of Hous. & Community Renewal*, 246 AD2d 388; *Matter of Nick v State of N. Y. Div. of Hous. & Community Renewal*, 244 AD2d 299). Here, it is uncontroverted that tenant failed to comply with the time requirements of the Code since she never responded to the DHCR's 1995 request. This failure would ordinarily warrant upholding the DHCR's deregulation

order. Tenant contends, however, that her apartment may not be deregulated because she did not receive the DHCR's request for income verification. Thus, she maintains that her failure to respond must be excused.

In considering tenant's claim of non-receipt, it is true that the mere denial of receipt of a letter that is shown to have been properly mailed does not overcome the presumption of delivery (*Engel v Lichterman*, 62 NY2d 943, *affg* 95 AD2d 536). Tenant's denial of receipt in this case is, however, buttressed by convincing supporting circumstances.

Significantly, and as previously indicated, landlord initiated a prior proceeding seeking to deregulate tenant's apartment just one year earlier in 1994. In that matter, tenant timely responded to both landlord's and the DHCR's requests. In 1995, tenant timely responded to landlord's ICF. Then, once more in 1996, landlord served another ICF to which tenant also promptly responded.

It is apparent from this scenario that tenant recognized the importance of responding to the various notices and in fact did so diligently. Juxtaposing (a) tenant's denial of receipt of the DHCR's request for income verification information, (b) tenant's course of diligent conduct, and (c) the incomprehensibility of knowingly failing to respond to DHCR's request with the drastic consequences that flow from such a failure, it is apparent that tenant has overcome the presumption of delivery and has created an issue of fact necessitating a hearing (*see, Matter of E & M Assocs. v New York State Div. of Hous. & Community Renewal*, 219 AD2d 718; *Sport-O-Rama Health & Fitness Ctr. v Centennial Leasing Corp.*, 100 AD2d 584; *Vita v Heller*, 97 AD2d 464; *compare, Engel v Lichterman, supra*).

Accordingly, this matter is remanded to Supreme Court for a hearing on the issue of whether tenant received the DHCR's request for income verification. If the court determines that tenant did not receive the request, the DHCR shall determine landlord's deregulation petition on the merits. If the court determines that tenant has failed to establish non-receipt, the order of the Commissioner of DHCR shall be reinstated.

We note that there is little question that tenant's income is below the regulatory threshold. While not determinative in the instant case, we point out that it is apparent that the aim of the Administrative Code was to deregulate apartments of tenants earning in excess of $250,000, rather than to deregulate apartments because of a failure to respond to requests for information by the DHCR under circumstances such as those present in this case.

Finally, we also note that this proceeding seems to emanate from a wholesale repetitive attempt by landlord to deregulate apartments at the subject building. It would appear in this situation that the effort is being made regardless of whether there is any reason to believe tenant meets the regulatory threshold. Landlord, in making such an effort, is acting in a manner inconsistent with statutory aims. Concur—Ellerin, P. J., Tom, Wallach and Friedman, JJ.