■ In the Matter of 1000 LLC, Petitioner, v JUDITH CALOGERO, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents. [792 NYS2d 471]—

Determination of the Division of Housing and Community Renewal, dated February 7, 2003, which found respondent tenant's rent properly reduced to one dollar per month as the result of a reduction in services, unanimously confirmed, the petition denied and the proceeding (transferred to this Court by order of Supreme Court, Bronx County [Janice L. Bowman, J.], entered on or about November 21, 2003) dismissed, without costs.

A fire in 2001 rendered the premises in question uninhabitable. The finding that the subject apartment had reverted back to rent stabilization upon its deconversion from cooperative status in 1996 (Rent Stabilization Code [9 NYCRR] § 2520.11 [l]; see Federal Home Loan Mtge. Corp. v New York State Div. of Hous. & Community Renewal, 87 NY2d 325 [1995]) was rationally based and a reasonable interpretation of the statutes administered by this agency (see generally Matter of Salvati v Eimicke, 72 NY2d 784, 791 [1988]). There is no support for petitioner's assertion that the agency had to establish the proper rent-stabilized rent before determining the proper rent based on reduction of services. The dwelling had already been rendered uninhabitable, and the only question presented was the proper rent at that time. In any event, it is uncontested that the tenant had been paying rent of approximately $500 per month for over four years, which was sufficient to establish the baseline rental history (see Matter of AVJ Realty Corp. v New

*York State Div. of Hous. & Community Renewal,* 8 AD3d 14 [2004]; *Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal,* 7 AD3d 453 [2004]). The agency also properly rejected petitioner's assertion that the tenant had been offered a lease but turned it down; petitioner offered no competent evidence on this point that would raise an issue of fact necessitating a hearing (*cf. Matter of Futterman v New York State Div. of Hous. & Community Renewal,* 264 AD2d 593, 595 [1999], *lv dismissed* 94 NY2d 847 [1999]). Concur—Buckley, P.J., Mazzarelli, Saxe, Friedman and Catterson, JJ.