10-375-cv
Isaacson v. New York Organ Donor Network

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges*,
> EDWARD R. KORMAN,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOAN M. ISAACSON,

> *Plaintiff-Appellant,*

> -v.-                                                                        No. 10-375-cv

NEW YORK ORGAN DONOR NETWORK, ELAINE BERG, CEO, JACKIE COOLEY, Director, YURIY YUSHKOV, Manager,

> *Defendants-Appellees.*[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption of this action to conform to the caption listed above.

**FOR PLAINTIFF-APPELLANT:**       ANDREW J. SCHATKIN, Jericho, NY.

**FOR DEFENDANTS-APPELLEES:**       ROBERT I. GOSSEEN (Anne D. Taback, *on the brief*), Ganfer & Shore, LLP, New York, NY.


Appeal from a December 30, 2009, judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-Appellant Joan M. Isaacson brought this action against her employer, the New York Organ Donor Network ("NYODN"), alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*  She also sued NYODN and three of its employees under New York state law, alleging a common law claim of intentional infliction of emotional distress.  The District Court concluded that Isaacson's complaint is time-barred pursuant to 42 U.S.C. § 2000e-5(f)(1).  Accordingly, the District Court granted summary judgment in favor of defendants pursuant to Federal Rule of Civil Procedure 56.

On appeal, Isaacson argues that the District Court erred by (1) concluding that she abandoned at trial the claim that she never received a right-to-sue letter from the EEOC; (2) declining to apply the doctrine of equitable tolling to preserve her claim; and (3) declining to exercise supplemental jurisdiction over her state law claim.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Redd v. Wright*, 597 F.3d 532, 535-36 (2d Cir. 2010).

There is a presumption in this circuit that a mailed document is received three days after its mailing, *see Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984), when the person who mailed the document followed regular office practice and procedure or has actual knowledge of having mailed the document, *Meckel v. Continental Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985). This presumption may be rebutted by admissible evidence that the document was not mailed, was received late, or was never received, *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996), but "[t]he mere denial of receipt does not rebut that presumption." *Meckel*, 84 F.2d at 817.  Here, an affidavit by the employee of the EEOC responsible for preparing and mailing Isaacson's right-to-sue letter testifying to the fact that she personally mailed the letter in accordance with regular

office practice and procedure on October 18, 2008 is sufficient to establish the rebuttable presumption that the letter was received on October 21, 2008. Other than her denial, Isaacson has offered no evidence "from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." *Sherlock*, 84 F.3d at 526. We therefore agree with the District Court that Isaacson has failed to prove specific facts to rebut the presumption of receipt of the Right-to-Sue Letter. *Isaacson v. New York Organ Donor Network*, No. 08-CV-9545, at *8 (S.D.N.Y. Dec. 30, 2009).

Moreover, having conducted a *de novo* review, we conclude, for substantially the reasons stated by the District Court, *id.*, that Isaacson has not demonstrated the type of extraordinary circumstances that would merit the application of equitable tolling in this case. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (placing the burden on the plaintiff to demonstrate that equitable tolling should be applied, and noting that vague or conclusory assertions are "insufficient to justify any further inquiry into tolling"). We therefore hold that, because Isaacson's complaint is time-barred, the District Court correctly dismissed her Title VII claim.[1]

Finally, Isaacson claims that the District Court erred in refusing to exercise supplemental jurisdiction over her pendent state law claims pursuant to 28 U.S.C. § 1367. We review the District Court's decision not to exercise supplemental jurisdiction for "abuse of discretion." *N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*, 497 F.3d 109, 113 (2d Cir. 2007). "A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (citation, alterations, and quotation marks omitted). Because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), where, as here, the District Court has properly dismissed the underlying federal claim, we cannot say that it was an abuse of discretion for the District Court to dismiss the state claim without prejudice as well. *See Purgress v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994).

---

[1] Because we conclude that Isaacson failed to offer any evidence to rebut the presumption that she received the Right-to-Sue Letter more than ninety days before filing her claim, we need not consider whether the District Court erred in concluding that Isaacson conceded receipt.

## CONCLUSION

We have considered each of Isaacson's arguments on appeal and find them to be without merit.[2] For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk

---

[2] Concluding, on final analysis, that Isaacson's claims lack merit does not imply that her appeal "was brought without the slightest chance of success." *Bankers Trust Co. v. Publicker Indus. Inc.*, 641 F.2d 1361, 1367 (2d Cir. 1981). We therefore deny appellees' motion for sanctions against Issacson and her counsel pursuant to Federal Rule of Appellate Procedure 38.