*Weiss v. Macy's Retail Holdings, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

DAVID WEISS,

> *Plaintiff-Appellee,*

> v.                                                   No. 17-2219

MACY'S RETAIL HOLDINGS, INC., AKA MACY'S INC.,

> *Defendant-Appellant.*

_____

FOR APPELLANT:                    BRIAN M. PARSONS, Macy's Law
                                  Department, St. Louis, MO (Steven
                                  Gerber, Schoeman Updike Kaufman &
                                  Gerber LLP, New York, NY, *on the brief*)

FOR APPELLEE:                     SCOTT A. KORENBAUM, New York, NY
                                  (Colleen M. Meenan, Shelley Ann Quilty-

Lake, Meenan & Associates, LLC, New York, NY *on the brief*)

Appeal from an order of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order denying the motion to compel arbitration entered on July 14, 2017, is **VACATED** and the case is **REMANDED**.

Plaintiff-appellee David Weiss worked for defendant-appellant Macy's Retail Holdings, Inc. ("Macy's") from 1997 to 2015 at its store in Yonkers, New York. Weiss has a learning disability that makes it difficult for him to "read and process information," among other tasks. App'x 142. According to Weiss, Macy's was aware of Weiss's disability and accommodated him in various ways during most of his employment there, such as by giving him additional time to process training materials. *Id.* Following his termination in 2015, Weiss filed this suit in the United States District Court for the Southern District of New York. He brought claims against Macy's under the Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.*, alleging that his most recent manager had harassed him, refused to accommodate his disability, and then terminated him because of his disability. On December 7, 2016, Macy's moved to compel arbitration of Weiss's claims. The District Court denied the motion and Macy's timely appealed. We assume the parties' familiarity with the facts and the record of the prior proceedings, to which we refer here only as necessary to explain our decision to vacate and remand.

At the core of Macy's motion to compel arbitration lies the question whether Weiss entered into an arbitration agreement with Macy's that governs this dispute. Declarations of Macy's employees showed the following circumstances. In the fall of 2003, six years after Weiss started working at Macy's, the company introduced a four-step employee dispute resolution process purporting to cover all disputes that might arise between Macy's and its employees. Under "Step 4" of that process, employees waived judicial remedies and agreed to mandatory arbitration. Participation in that final step, however, was voluntary for current

employees like Weiss, who were given the choice of "opting out" by submitting a written form.

According to Macy's, the company explained the dispute resolution program to its employees in 2003 by holding in-store trainings and mailing informational packets to employees' homes. After the trainings and mailings, Macy's sent an additional packet to each employee's home in September 2003. The mailed materials included a "Plan Document" and an "Election Form." The Election Form instructed employees to complete and return the form only if they intended to "decline the benefits of arbitration" by opting out of Step 4. App'x 97. One year later, in the fall of 2004, Macy's sent related materials and another Election Form to its employees. On neither occasion did Weiss return a completed opt-out form. For this reason, Macy's enrolled him in the full employee dispute resolution program, treating him as having agreed to mandatory arbitration.

Weiss does not contend that he ever returned an opt-out form to Macy's. He asserts, however, that he never received any such mailed documents from Macy's or attended any in-store training about Macy's new dispute resolution program or arbitration. He avers further that, had he received the Election Form, he would have chosen to opt out of arbitration. He also recalls at least one incident in which he did not receive a tax form that Macy's asserted it had mailed to him at his home.

According to his affidavit, during the period relevant to this suit, Weiss lived with his family, including his brother, Joseph. Both Weiss and Joseph state that, because of Weiss's learning disability, Joseph reads and explains to Weiss any mail addressed to him that is "important or official," including employment documents. App'x 142, 148. For example, Joseph assists Weiss in reading and understanding documents that relate to Weiss's retirement benefits and health insurance. Joseph avers that Weiss never showed him any of the arbitration-related documents that Macy's purportedly mailed. He further declares that, had he seen the documents, Joseph would have advised Weiss to sign and return the opt-out form. A contemporaneous coworker of Weiss, Janet Rios, also stated in a sworn affidavit that she never received any written or verbal information from Macy's about the employee dispute resolution process or about the possibility of opting out of arbitration.

We review de novo the denial of a motion to compel arbitration; the factual findings "upon which that conclusion is based, however, are reviewed for clear error." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 72–73 (2d Cir. 2017). As with a motion for summary judgment, we consider all relevant admissible evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* at 74. "If a factual issue exists regarding the formation of the arbitration agreement, . . . remand to the district court for a trial is necessary." *Id.* We apply state contract law when determining whether an agreement to arbitrate has been formed. *Id.* The parties here agree that New York law governs this dispute.

The District Court denied Macy's motion to compel arbitration on the ground that Macy's had not established the formation of a contract to arbitrate. The Court based that conclusion on two reasons. First, the Court ruled, the opt-out form was "counterintuitive, ambiguous, and misleading" and therefore insufficient to constitute an offer. *Weiss v. Macy's Retail Holdings Inc.*, 265 F. Supp. 3d 358, 363 (S.D.N.Y. 2017). Second, the Court ruled that there was no acceptance. *Id.* We disagree with both rulings.

The opt-out form instructs the employee to "Complete and return this form ONLY IF YOU <u>DO NOT</u> WANT TO BE COVERED BY THE BENEFITS OF ARBITRATION during your career with the company." App'x 97. Within a box appears a bracketed space for a check mark next to the words "**I Decline the Benefits of Arbitration**". *Id.* Although the somewhat disingenuous references to the "benefits" of arbitration might better have been avoided, and Macy's would do well to remove the word "benefits" in the future, neither this unfortunate choice of words nor the remainder of the form renders its meaning incapable of being readily understood.

The District Court also concluded that "Weiss' silence and inaction upon receipt of the Election Form did not operate as acceptance," and that nothing in Macy's literature or information sessions "stated or otherwise implied that agreeing to arbitrate employment-related disputes was mandatory or a condition of continued employment." *Weiss,* 265 F. Supp. 3d at 360, 365. However, Weiss was an at-will employee, and, under New York law, notifying an at-will employee of a change and informing him that the change applies to him suffices to change the conditions of employment. *See Gen. Elec. Tech. Servs. Co. v. Clinton*, 577

4

N.Y.S.2d 719, 720–21 (App. Div. 1991) (holding at-will employee subject to new employment program even though "he was not told that the [program] was a condition of employment"). We decided this very point on nearly identical facts in *Manigault v. Macy's East, LLC*, 318 F. App'x 6, 8 (2d Cir. 2009) (summary order).

Accordingly, we are satisfied that the documents, if received by Weiss, coupled with his failure to send back the opt-out form and his continued working for Macy's, bound him to arbitrate his dispute. There remains, however, the issue of whether Weiss received the documents.

In Macy's view, the existing record demonstrates that Weiss received the 2003 and 2004 mailings and therefore that he agreed to arbitration. In support of its proposition, Macy's invokes the rule that when "there is proof of the office procedure followed in a regular course of business, and these procedures establish that the required notice has been properly addressed and mailed, a presumption arises that notice was received." *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985) (citing *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 829–30 (1978)). We have recognized, however, that New York law allows that presumption to be "rebutted by admissible evidence that the document was not mailed, was received late, or was never received." *Isaacson v. N.Y. Organ Donor Network*, 405 F. App'x 552, 553 (2d Cir. 2011) (summary order) (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)); *see also Vita v. Heller,* 467 N.Y.S.2d 652, 653 (App. Div. 1983).

Here, Weiss offered more than a "mere denial of receipt." *Meckel*, 758 F.2d at 817. He provided evidence of his family's regular procedure for reviewing with him the mail he received and asserted, with sworn support, that the relevant mailings did not arrive and go through that process. We conclude, therefore, that Weiss has sufficiently rebutted New York's mailing presumption to create a disputed issue of material fact.[1] *See D.M. Rothman & Co. v. Korea Commer. Bank of N.Y.*, 411 F.3d 90, 97 (2d Cir. 2005) (defendant rebutted mailing

[1] On this point, that factual dispute distinguishes this case from *Manigault v. Macy's East, LLC*, 318 F. App'x 6 (2d Cir. 2009) (summary order), in which we reversed a district court's denial of a motion to compel arbitration under the same Macy's dispute resolution program at issue here. There, the employee denied receipt of the arbitration documents, but offered no supporting evidence sufficient to rebut the mailing presumption. *See id.* at 7.

5

presumption by introducing certified mail receipt showing that delivery was late); *Hogarth v. N.Y.C. Health & Hosps. Corp.*, No. 97 CIV. 0625 (DAB), 2000 WL 375242, at \*4 (S.D.N.Y. Apr. 12, 2000) ("For example, the presumption of delivery can be successfully rebutted with a sworn affidavit giving a detailed description of the mail procedures followed at a company for all incoming mail supporting the conclusion that the mail was never received."); *State v. Int'l Fid. Ins. Co.*, 708 N.Y.S.2d 504, 507 (App. Div. 2000) (concluding plaintiff "rebutted the presumption of receipt" with "affidavits and deposition testimony describing the extensive search of the Department's offices over a period of several days and the procedures it followed for mail received and improperly delivered"); *De Leonardis v. Gaston Paving Co.*, 706 N.Y.S.2d 254, 255 (App. Div. 2000) ("diary of incoming mail maintained in the usual course of business and office practice" sufficient to rebut presumption).

The District Court, ruling only on the absence of contract formation, did not resolve this contested factual issue regarding whether Weiss received the mailings that would have allowed him to opt out of mandatory arbitration. Because Weiss cannot be bound by an offer to agree to arbitrate that he did not receive, we conclude that a remand is appropriate to determine whether Weiss received the documents.

* * *

The order of the District Court denying the motion to compel arbitration is therefore **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court