Matter of Zelig v State of New York Div. of Hous. & Community Renewal (2020 NY Slip Op 07736)





Matter of Zelig v State of New York Div. of Hous. & Community Renewal


2020 NY Slip Op 07736


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 101153/18 Appeal No. 12443-12443A Case No. 2019-04740 

[*1]In re Irma Zelig, Petitioner-Appellant,
v
State of New York Division of Housing and Community Renewal, et al., Respondents. Aspenly Company, LLC, Intervenor Respondent-Respondent.


FishmanLaw, PLLC, New York (James B. Fishman of counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 21, 2019, denying the petition to annul a determination of respondent State of New York Division of Housing and Community Renewal (DHCR), dated June 14, 2018, which affirmed a determination of the Rent Administrator (RA) that deregulated petitioner's apartment, and dismissing the proceeding, reversed, on the law, without costs, and the matter remitted to Supreme Court with instructions to remand to DHCR for further proceedings in accordance with this opinion. Order, same court, entered November 25, 2019, which, to the extent appealed from, denied petitioner's motions for leave to renew, dismissed, without costs, as academic.
We find that Supreme Court improvidently denied remand to DHCR for further review. In 2000, petitioner's monthly rent reached the threshold for high-rent deregulation. Subsequently, in June 2011, intervenor-respondent Aspenly, the proprietary lessee of the apartment, petitioned for deregulation of the apartment. [FN1] Although Aspenly, was filed with DHCR in 2011, DHCR did not seek to verify petitioner's income in response to that petition until June 2013. At that time DHCR contacted both petitioner as well the Department of Taxation and Finance (DTF) for income verification. Despite numerous requests, petitioner failed to supply the requested income information. DTF however did respond. In July 2014, DTF informed DHCR that based on the information provided to it, DTF "could not make a match for the tenant for either relevant tax year" and could not verify whether petitioner's income exceeded $175,000. This information was later determined to be incorrect. As acknowledged by DHCR, it was based in part on this erroneous information, that DHCR issued a deregulation order.
Following the denial of the instant article 78 petition seeking to annul DHCR's determination, petitioner moved to renew and reargue. In support of her motion, petitioner attached a June 3, 2019 affidavit from a data processing fiscal systems auditor with DTF, which stated that the July 22, 2014 letter in which the DTF reported that it could not locate petitioner's tax records for 2009 and 2010 was "inaccurate and that in fact the petitioner had in fact filed a 2009 [NYS] tax return on October 18, 2010." The tax return showed that petitioner made less than $175,000. The affidavit was offered by petitioner to correct an inaccuracy contained in a July 22, 2014 letter sent by DTF. DHCR supported petitioner's motion to reargue, stating that it was "likely" that it would have denied the petition for deregulation if it had received the tax return income information from DTF.
It was DHCR which requested that the court, in the interest of fairness and substantial justice remit the matter pursuant to 9 NYCRR 2527.8. DHCR's request suggests at the very least, an acknowledgement by DHCR that the prior order was the "result of illegality, irregularity in vital matters [,] or fraud[*2]" (Rent Stabilization Code [9 NYCRR] § 2527.8). By moving to remit the matter, DHCR implicitly conceded an error in its determination (see Matter of Hakim v Division of Hous. & Community Renewal, 273 AD2d 3 [1st Dept 2000], lv dismissed 95 NY2d 887 [2000]).
A "[r]eview of the record indicates that remission to [DHCR] for the submission of a complete record, further fact finding, and a new determination is necessary in order for the Division to 'function efficiently and render substantial justice to the parties concerned' " (Matter of 47 Clinton St. Co. v New York State Div. of Hous. & Community Renewal, 161 AD2d 402, 403 [1st Dept 1990], citing Matter of Wiener v Joy, 100 AD2d 800, 801 [1st Dept 1984]). Since DHCR was interpreting its own regulations, it was entitled to deference (Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 10 NY3d 474, 481 [2008]; Matter of 900 W. End Ave. Tenants Assn. v New York State Div. of Hous. & Community Renewal, 53 AD3d 436, 438 [1st Dept 2008]).
We agree with the dissent that in Matter of Dworman v New York State Div. of Hous. & Community Renewal (94 NY2d 359, 374 [1999]), the Court of Appeals stated that "by fixing timetables for income verification and deregulation, the Legislature made plain its desire that these proceedings not languish but that they be conducted, and resolved, expeditiously." We disagree, however, that this desire for expediency and finality should be interpreted as a basis for not allowing review of a decision which was clearly based upon erroneous information.
Further, as we pointed out in Matter of Futterman v New York State Div. of Hous. & Community Renewal, the aim of [sections 26—504.1 through 26—504.3 of the Administrative Code of the City of New York] was to deregulate apartments of tenants earning in excess of a statutory amount, rather than to deregulate apartments because of a failure to respond to requests for information by the DHCR under circumstances such as those present in this case (264 AD2d 593, 596 [1st Dept 1999], lv dismissed 94 NY2d 846 [1999]). Nor, was it intended that deregulation be based upon inaccurate information. Remittal to DHCR achieves the stated purpose of the statute.
All concur except Shulman, J. who dissents in a memorandum as follows:




SHULMAN, J. (dissenting)
 

Based on the administrative record, Supreme Court properly denied the article 78 petition. DHCR's determination that petitioner defaulted in responding to its repeated requests for information necessary to verify household income was not arbitrary and capricious (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Eisenberg v New York State Div. of Hous. & Community Renewal, 62 AD3d 494 [1st Dept 2009]). DHCR rationally concluded that the Rent Stabilization Code (RSC) provisions then in effect required [*3]petitioner to submit specific documentation to verify her household income and that she failed to provide the required documents in response to multiple requests over the course of several years, all of which warned that the rent stabilized premises would be deregulated in the event of petitioner's default (see 9 NYCRR 2531.4[b]).
Petitioner initially maintained that she had not filed tax returns for 2009 or 2010 (relevant tax years) and that her annual income was below the then statutory threshold for deregulation of $175,000 for those years. Contrary to petitioner's contention, her explanation to DHCR that she had not filed tax returns for 2009 was insufficient to comply with DHCR's disclosure requirements, as the tax returns had been filed and were available (see 9 NYCRR 2531.4[b][1]).
Further, DHCR's deregulation of petitioner's apartment as a result of the default was not an improvident exercise of discretion (see generally Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]). The RSC provisions then in effect provided that if a tenant defaulted, DHCR "shall" issue an order deregulating the apartment (see 9 NYCRR 2531.4[b][3]; 2531.6).
The court also properly denied petitioner's motion for renewal. Judicial review of DHCR orders "is limited to a review of the record evidence and the court may not consider arguments or evidence not contained in the administrative record" (Matter of Nelson v New York State Div. of Hous. & Community Renewal, 95 AD3d 733, 734 [1st Dept 2012]). "New facts can be admitted only in narrow circumstanceswhere 'petitioner submits with the petition [for administrative review] certain facts or evidence which he or she establishes could not reasonably have been offered or included in the proceeding prior'" (Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 150 [2002], quoting 9 NYCRR 2529.6).
Despite being represented by counsel while exhausting her administrative remedies, petitioner did not produce relevant tax information previously available to her until she commenced the article 78 proceeding. Moreover, she first submitted alleged "new" information when she moved for renewal after the lower court denied her article 78 petition and well after the Rent Administrator (RA) issued the deregulation order (see CPLR 2221[e]; Wade v Giacobbe, 176 AD3d 641 [1st Dept 2019], lv denied 35 NY3d 937 [2020]).
Petitioner's "new" information consisted of an affidavit from a Department of Taxation and Finance (DTF) employee attesting to a requested 2019 investigation of petitioner's tax information for the relevant tax years. The DTF affiant averred that DTF's 2014 letter-notice to DHCR advising of its inability to verify petitioner's income for the relevant tax years was partly inaccurate because she had filed a 2009 New York State tax return in 2010 reporting income below the statutory threshold.
Tellingly, the DTF affiant did not aver that petitioner supplied the proper tax documentation [*4]to the DHCR, as required by the RSC provisions, during the proceeding before the RA. Nor did the DTF affiant aver that DTF or DHCR had actually possessed sufficient tax information from 2013 to 2017 to verify her income for the relevant tax years.[FN2] Thus, review of the administrative record renders incorrect the majority's conclusion that DHCR's deregulation of petitioner's apartment was based upon inaccurate information.
Finally, Supreme Court providently declined to grant DHCR's cross motion, filed concomitantly with the article 78 petition, to remit this matter pursuant to 9 NYCRR 2527.8. I disagree with the majority's conclusion that the matter should be remanded to DHCR for further proceedings. Matter of Dworman v New York State Div. of Hous. & Community Renewal (94 NY2d 359, 374 [1999]), clearly held that "where good cause is shown, DHCR has discretion to permit a late filing either before or after the [RA] has issued a deregulation order, until the Commissioner has taken final action." Here, in determining the Petition for Administrative Review (PAR), DHCR took final action and petitioner has not shown good cause that would warrant remand to submit documentation that was never part of the administrative record.[FN3]
Significantly, the Court of Appeals in Dworman recognized the importance of "fixing timetables for income verification and deregulation, [because] the Legislature made plain its desire that these proceedings not languish but that they be conducted, and resolved, expeditiously" (id.). While the majority acknowledges this, it cites to Matter of Futterman v New York State Div. of Hous. & Community Renewal (264 AD2d 593 [1st Dept 1999], lv dismissed 94 NY2d 846 [1999]), for the proposition that deregulation should be determined on the merits rather than on default. I do not disagree with this general proposition. However, the administrative record in Futterman is distinguishable in that the tenant therein sufficiently excused her default as a result of not having received one DHCR request for income verification, but otherwise diligently responded to every other notice. The tenant also submitted relevant tax information with her PAR to prove her household income was below the statutory threshold. In contrast, petitioner failed to respond to multiple DHCR requests over a period of six years, and the few responses filed between 2014 and 2015 contained confusing, incorrect and conflicting information. Petitioner was afforded full, fair and multiple opportunities, over several years, to submit the documentation needed to verify her household income. Neither petitioner nor DHCR demonstrated any underlying fraud or illegality in the RA's issuance of the deregulation order. Nor was there any irregularity in a vital matter given that DHCR, with the inadequate information petitioner supplied during four years of case-processing, issued a rational determination not requiring any correction.[FN4]
Based on the foregoing, I would affirm Supreme [*5]Court's Judgment denying the article 78 petition to annul the Final Commissioner's Order which affirmed the RA's Order of Deregulation and affirm Supreme Court's Order subsequently denying petitioner's motion for renewal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020



Footnotes

Footnote 1: A previous petition for deregulation filed by Aspenly was denied in April 2013.

Footnote 2: The DTF affidavit is also missing critically important facts to actually substantiate its conclusion that DTF's 2014 communication to DHCR was inaccurate.

Footnote 3: For example, in support of her article 78 petition, petitioner for the first time submitted a copy of a treating physician's 2010 letter, uncorroborated by a contemporaneous medical affidavit or medical records, stating that her illness adversely affected her ability to comply with deadlines for both filing her tax returns and responding to DHCR's requests. This eight-year-old letter, which petitioner had submitted in the context of a 2009 DHCR proceeding, was never part of this administrative record.

Footnote 4: After issuing its final order denying petitioner's PAR based on this administrative record, by letter dated August 17, 2018, DHCR denied petitioner's Request for Reconsideration, citing the need for administrative finality, as well as finding no factual or legal errors and no fraud, illegality or irregularity in a vital matter (9 NYCRR 2529.9).