Matter of Cozzolino v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 02491)

Matter of Cozzolino v New York State Div. of Hous. & Community Renewal

2022 NY Slip Op 02491

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Index No. 161368/20 Appeal No. 15724 Case No. 2021-03118 

[*1]In the Matter of Blaise Cozzolino, Petitioner-Respondent,
v
The New York State Division of Housing and Community Renewal, Respondent, Trump Park Avenue LLC et al., Intervenors-Respondents-Appellants.

Belkin, Burden, Goldman, LLP, New York (Magda L. Cruz of counsel), for appellants.
Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for Blaise Cozzolino, respondent.
Mark F. Palomino, New York (Anita Shia of counsel), for The New York State Division of Housing and Community Renewal, respondent.

Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about July 21, 2021, granting the petition brought pursuant to CPLR article 78 to annul the November 2, 2020 determination of respondent New York State Division of Housing and Community Renewal (DHCR), which denied petitioner's application for succession rights to an apartment as a nontraditional family member, and granting him succession rights as initially awarded by the DHCR Rent Administrator, and denying DHCR's motion to remand for further proceedings, unanimously affirmed, with costs.
Supreme Court correctly found, and DHCR conceded, that the determination was affected by an error of law (CPLR 7803[3]; see Matter of Zelig v State of New York Div. of Hous. & Community Renewal, 189 AD3d 657, 659 [1st Dept 2020], lv dismissed 36 NY3d 1079 [2021] [motion to remand is concession of error]). The denial was based solely on the absence of intermingled finances, even though "no single factor shall be solely determinative" (Rent Stabilization Code [9 NYCRR] § 2520.6[o][2]; accord Braschi v Stahl Assoc. Co., 74 NY2d 201, 213 [1989]). The absence of intermingled finances alone does not preclude a determination that petitioner and the deceased tenant of record "had a family-like relationship" (RHM Estates v Hampshire, 18 AD3d 326, 327 [1st Dept 2005]).
We decline to remand the matter to DHCR for reconsideration (see CPLR 7806). The record was sufficiently developed to enable the court to render a final judgment, and remand is not appropriate where DHCR "is merely seeking a second chance to reach a different determination on the merits" (Matter of Police Benevolent Assn. of N.Y. State Troopers v Vacco, 253 AD2d 920, 921 [3d Dept 1998], lv denied 92 NY2d 818 [1998]; see Matter of Pantelidis v New York City Bd. of Stds. & Appeals, 43 AD3d 314, 315 [1st Dept 2007], affd 10 NY3d 846 [2008]; cf. Matter of Zelig, 189 AD3d at 659 [remanding "'for the submission of a complete record, further fact finding, and a new determination'"]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022